[Civ. No. 16285.   Second Dist., Div. Two.   May 19, 1948.]

AUSTIN H. MONTGOMERY et al., Appellants, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent.

Robert E. McGurl for Appellants.

Hugo A. Steinmeyer, G. L. Berrey and Geo. L. Beckwith for Respondent.

WILSON, J.—This is an action to recover damages from defendant by reason of the alteration of a deed signed by plaintiffs conveying a portion of a lot and placed by them in escrow with defendant, whereby the description was changed after the deed was placed in escrow so as to cover the entire lot. Plaintiffs appeal from a judgment in favor of defendant.

Prior to December 1, 1945, plaintiffs were the owners in fee of Lot 27 of Tract 5822, having a frontage of 100 feet on Dickens Street. On the east half of the lot is a five-room house having the street address 14277 Dickens Street. The west half of the lot is vacant. Between the east and west halves of the lot there are three trees.

By an instrument dated December 12, 1945, plaintiff A. H. Montgomery leased to Jean Manning "the dwelling house and its appurtenances situated at 14277 Dickens Sherman Oaks" for one year beginning January 1, 1946. On December 13, 1945, Mr. Montgomery signed an option granting to Mrs. Manning the right to purchase the "premises located at 14277 Dickens Avenue, Sherman Oaks" for the sum of $10,-500. Thereafter Mr. and Mrs. Manning went into possession of the house under the lease. On January 2, 1946, Mr. Montgomery received in the mail a letter from defendant enclosing escrow instructions and a grant deed in blank, neither of which contained a description of any property whatsoever. Thereupon Mr. Montgomery inserted in the escrow instructions, in the place designated for the description of the property, the following words and figures: "Property referred to in this escrow being the East half of Lot 27 together with the buildings and improvements thereon erected, being house No. 14277 Dickens Avenue, Sherman Oaks." He inserted in the deed after the words "described as" the following: "Property being the East half of Lot 27 together with the buildings and improvements thereon erected, being house No. 14277 Dickens Avenue, Sherman Oaks." He then forwarded the escrow instructions and the deed by mail to Mrs. Montgomery, who at that time was visiting in New York. About five days later the documents were returned by Mrs. Montgomery to her husband, both deed and escrow instructions having been signed by her. Mr. Montgomery then signed both papers and sent them to the escrow department of defendant's Sherman Oaks branch. Mr. Montgomery did not thereafter enter the bank nor did he talk to any of its agents or employees concerning the deed or the escrow instructions. Mrs. Montgomery never

saw the deed nor the escrow instructions after she mailed them in New York to her husband and she did not at any time enter the bank and did not discuss the matter of the escrow or of the deed with any of defendant's agents or employees.

On January 30, 1946, there was recorded in the office of the County Recorder of Los Angeles County a grant deed purporting to have been executed by Mr. and Mrs. Montgomery to Mr. and Mrs. Manning in which the property purported to have been conveyed was described as "Lot 27 of Tract 5822." On January 30, the escrow department of defendant paid to Mr. and Mrs. Montgomery the sum of $10,500 less deductions for existing encumbrances and liens.

During the period from December 31, 1945, the date on which the escrow was opened by Mr. and Mrs. Manning, and January 30, 1946, the date of payment by defendant to plaintiffs, as above mentioned, the Mannings and the Montgomerys at no time saw or talked to each other. About the middle of March, 1946, Mrs. Montgomery inquired at the tax collector's office for the tax bill on the west half of Lot 27 and was informed that the Mannings appeared as record owners of the entire 100-foot lot. Whereupon plaintiffs went to defendant's Sherman Oaks branch and demanded an explanation from its employees as to why the entire lot had been transferred.

The settled statement on appeal recites the evidence as follows: The escrow officer, Dewey R. McVey, and the escrow clerk, Charles Rogers, of the Sherman Oaks branch bank testified that on December 30, 1945, Mr. and Mrs. Manning asked to open an escrow concerning the property under the terms of their option and were unable to supply the legal description but told Rogers that the property was located at 14277 Dickens Avenue; that Rogers, under the direction of McVey, prepared the escrow instructions in duplicate and placed upon the first page the words "Legal description to be handed in at a later date. Property known as 14277 Dickens Avenue, Sherman Oaks"; that on the second or reverse page, which required the sellers' signatures, the description was left blank; that Mr. and Mrs. Manning signed the purchasers' instructions on the first page, and thereafter the escrow clerk prepared the grant deed from the Montgomerys to the Mannings but did not insert any description in the blank provided therefor; that he mailed the deed and the escrow instructions to Mr. Montgomery, and both papers were returned to him signed by the Montgomerys; that thereafter he obtained the lot and tract number of the property and the book and page of the

map in which it was recorded but that he did not erase the description placed in the deed by Mr. Montgomery nor did he insert the altered or changed description which appeared in the deed at the time of its recordation. The escrow officer, McVey, testified that he had no independent recollection of the transaction other than that he had signed the letter transmitting the deed and escrow instructions to Mr. Montgomery, and that after the deed had been returned he placed his notarial seal and signature thereon. It should be noted that although Mrs. Montgomery was in New York and Mr. Montgomery was in Los Angeles, several miles distant from Sherman Oaks, and the escrow officer had never seen either of the parties, he certified over his signature and official seal as a notary public that they both personally appeared before him and acknowledged the execution of the deed. This was in violation of section 1185 of the Civil Code and is declared to be a misdemeanor by section 6203 of the Government Code, formerly section 167 of the Penal Code. McVey further testified that the escrow clerk, Rogers, admitted several months prior to the trial that he must have altered the deed by erasing the description placed in it by Mr. Montgomery and inserting the description that it bore at the time it was recorded. The evidence is conclusive that the deed was altered after it was received in defendant's escrow department at the Sherman Oaks branch.

Since the deed was altered without the knowledge, consent or approval of plaintiffs, after it had been signed by them and transmitted to the escrow holder, it was void. Where a deed is placed in escrow by the grantor with instructions to the holder to deliver it to the grantee upon compliance by the latter with the instructions, the delivery of the deed by the escrow holder before the vendee has complied with the instructions conveys no title. (*Promis* v. *Duke*, 208 Cal. 420, 425 [281 P. 613]; *Drinkwater* v. *Hollar*, 6 Cal.App. 117, 121 [91 P. 664]; *Brown* v. *Wilson*, 89 Cal.App. 764, 766 [265 P. 351]; *Los Angeles City High School Dist.* v. *Quinn*, 195 Cal. 377, 383 [234 P. 313].)

The escrow instructions were introduced in evidence. On the page signed by the Mannings there was inserted the words and figures "Lot 27 of Tract 5822, Sheets 1 and 2" above the words "Legal description to be handed in at a later date" originally appearing therein. Plaintiffs did not approve the change. On the reverse page, which was signed

by plaintiffs, no alteration was made. Plaintiffs' instructions are in evidence and they still refer to and direct the delivery of a deed covering the east half of the lot upon payment of $10,500 into the escrow by the grantees. The money was deposited by the purchasers within the time required by the option and by the escrow instructions, but their instructions called for a deed to the entire lot. The escrow holder having altered the deed so as to cover the entire lot instead of the east half which plaintiffs intended to convey the latters' escrow instructions were not complied with and the deed therefore conveyed no interest whatsoever in the property to the purchasers.

A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title. (*Trout* v. *Taylor*, 220 Cal. 652, 656 [32 P.2d 968].) The deed in question in this action is an undelivered instrument by reason of its having been recorded contrary to the express instructions of plaintiffs. It is a forged instrument by reason of the unauthorized alteration in the description after it had been signed by the grantors.

It is not necessary to discuss the question whether an escrow holder is an agent or a trustee. In whatever capacity defendant was acting it was without authority to deliver the deed to the grantees covering the entire lot. (*Hildebrand* v. *Beck*, 196 Cal. 141, 146 [236 P. 301, 39 A.L.R. 1076].)

A principal is not bound by the unauthorized act of his agent unless he had knowledge of the agent's violation of his authority. (Civ. Code, § 2310; *Hildebrand* v. *Beck, supra,* p. 147; *Brown* v. *Rouse,* 104 Cal. 672, 676 [38 P. 507].)

If the subject of this action were personal property defendant would be answerable in damages. As a depositary, an escrow holder is required to obey the instructions of the parties as to delivery of property deposited with him. (*Trask* v. *Garza,* 51 Cal.App. 739, 743 [197 P. 807]; *Jones* v. *Title Guaranty & Tr. Co.,* 178 Cal. 375, 380 [173 P. 586].)

Since the deed is absolutely void and conveyed no title to the grantees plaintiffs may recover the property through an action to quiet title or by an action to rescind upon returning the consideration paid by the Mannings. Since no title passed by the deed plaintiffs are able to recover the property and the escrow holder, though admittedly at fault in having altered the deed without authorization, is not liable in damages for the value of the property which plaintiffs

did not intend to convey. Defendant's liability is limited to the costs and expenses that may be incurred by plaintiffs in recovering their title.

Judgment affirmed.

Moore, P. J., concurred.

McComb, J., deeming himself disqualified, did not participate in the foregoing opinion.