[Civ. No. 19131.   Second Dist., Div. Three.   Jan. 8, 1953.]

JOHN HENRY GIBSON, an Incompetent Person, Appellant, v. HERBERT I. WESTOBY et al., Respondents.

Matot, Gabrielson & Manley and Arthur J. Manley for Appellant.

No appearance for Respondents.

VALLÉE, J.—Appeal by plaintiff from an order granting a new trial in an action by an incompetent for a decree that a conveyance made by him was void.

On November 3, 1927, the District Court of Curry County, New Mexico, found that plaintiff "is a person of unsound mind, insane and incompetent to look after his own affairs and it is so ORDERED by the Court" and appointed a guardian of his person and estate. This judgment was in full force and effect at least until January 16, 1950.

On June 28, 1949, the probate court of this state, in and for the County of Los Angeles, under the provisions of section 1460 et seq., of the Probate Code, found that plaintiff "is unable, unassisted, to manage and take care of himself or his property," adjudged that he was incompetent, and appointed a guardian of his person and estate. This judgment has been in full force and effect at all times in question.

On June 8, 1949, a deed purporting to have been signed and acknowledged by plaintiff on November 18, 1948, granting a parcel of realty, a part of his estate, to John McMahon, was recorded. Plaintiff's guardian did not join in the deed, and no court order was ever made authorizing its execution.

On June 27, 1949, John McMahon signed and acknowledged a deed conveying the parcel of realty to defendants. This deed was delivered to defendants in the latter part of August, 1949, and was recorded September 6, 1949.

On the trial of the action the court found the facts stated and rendered judgment for plaintiff quieting his title in the realty. Defendants' motion for a new trial was granted on

the grounds of insufficiency of the evidence to support the findings and "error of law."

The foregoing facts are undisputed. ■ An inquisition of insanity found in a sister state is entitled to the same faith and credit as it receives in the state where it was found, as to the issues decided. (44 C.J.S. 92, § 32d.) The New Mexico statute provides that the district court having supervision of the guardian of the estate of an insane or incompetent person shall have the power, upon the petition of any interested party, to order and direct the sale or conveyance of any part of his estate, real or personal, or both, upon such terms and under such conditions as, in its discretion, it may deem fit and proper. (2 N.M. Stat. 1941 Anno. § 35-207.) In *Frkovich* v. *Petranovich*, 48 N.M. 382 [151 P.2d 337, 155 A.L.R. 295], it was held that this and related statutes provide an adequate procedure for the sale and conveyance of property belonging to an insane or incompetent person, and that such a person should not be divested thereof except by the most strict compliance with the law, and then only with the best security for the preservation for his use and benefit of the proceeds of the divestiture. The court also held (151 P.2d 345): "It appears to be the general rule that a conveyance obtained from an insane person by one having knowledge of his incapacity will be set aside without requiring a restoration of the consideration received, under the principle that anyone dealing with an insane person, knowing his insanity, deals with him at his own peril and must bear alone whatever loss arises from the transaction." (See 12 C.J.S. 1009, § 44(7).)

Section 40 of the Civil Code provides: "After his incapacity has been judicially determined, a person of unsound mind can make no conveyance or other contract, nor delegate any power or waive any right, until his restoration to capacity." In *Hellman Commercial T. & S. Bank* v. *Alden*, 206 Cal. 592 [275 P. 794], it was adjudged under then sections 1763-1767 of the Code of Civil Procedure (now Prob. Code, §§ 1461, 1462, 1470-1472, 1631) that a party at the date of the filing of the petition was "and for a long time prior thereto had been and was at the date thereof, by reason of old age and weakness of mind, unable unassisted to properly care for himself or his property and by reason thereof was likely to be imposed upon by designing and artful persons. . . ." The court held (p. 604-605): "When, however, a court has regularly adjudged one to be incompetent, he thereby becomes in-

capable of making a valid contract, and it is deemed to be void, not because he is unable, unassisted, to properly care for his property, or lacked understanding of the nature and effect of the particular transaction, but because the decree of incompetency is notice to the world of his incapacity to make a valid contract. . . . It seems evident that the term incompetent is intended to include not only the insane, but also those who are afflicted with less serious derangements of the mind. The adjudication of mental incapacity therefore applies to both the insane and the incompetent regardless of the character or degree of the mental derangement. No further evidence of mental incapacity is required under our statute while such a decree remains in full force and effect. The proof of the adjudication of incompetency presupposes a lack of mental capacity to understand the nature and effect of a contract.'' In *Carroll* v. *Carroll,* 16 Cal.2d 761 [108 P.2d 420], after quoting part of the foregoing from *Hellman Commercial T. & S. Bank* v. *Alden, supra,* the court stated (p. 767): ''It is therefore clear that if the 'note and deed of trust had been executed by plaintiff while the decree of May 29, 1929, adjudging her to be an incompetent, was in force and effect, she could rely on said decree alone to establish her incapacity as a matter of law.'' (See, also: *O'Brien* v. *United Bank etc. Co.,* 100 Cal.App. 325 [279 P. 1048].) ■ The effect of an adjudication that a person is incompetent is to fix the status of incompetency until such time as the incompetent is restored to capacity. (*Vigne* v. *Superior Court,* 37 Cal.App.2d 346, 352 [99 P.2d 589].) ■ An adjudication in lunacy proceedings is in the nature of a judgment *in rem.* (2 Freeman on Judgments, 5th ed. 1898, § 902; 44 C.J.S. 88, § 32.) ■ A judgment *in rem* is conclusive as to the status adjudicated. (Code Civ. Proc., § 1908; 15 Cal.Jur. 237, § 245.) ■ An adjudication that a person is incompetent constitutes notice to all the world of the incapacity of such person to make a valid conveyance. (*Hellman Commercial T. & S. Bank* v. *Alden,* 206 Cal. 592, 604 [275 P. 794].) ■ Wherever and whenever it is binding on any person, it is equally binding on all persons, though they had constructive notice only under the statute. (3 Freeman on Judgments, 5th ed. 3114, § 1519; cases collected 28 West's Cal.Dig. 557, § 812(3).) ■ A conveyance by such a person is void, and not merely voidable. (*Hellman Commercial T. & S. Bank* v. *Alden, supra,* 592, 604.) ■ A void conveyance passes no title,

and cannot be made the foundation of a good title even under the equitable doctrine of bona fide purchase. (*Bryce v. O'Brien,* 5 Cal.2d 615, 616 [55 P.2d 488] ; *Montgomery v. Bank of America,* 85 Cal.App.2d 559, 564 [193 P.2d 475].)

We are unable to find any basis for the conclusion that the evidence is insufficient to support the findings. As a matter of law, there is no evidence to support a judgment for defendants. At the times the deeds were executed, plaintiff was incompetent and without capacity to convey title. All the world had notice of the fact. McMahon acquired no title and he could convey none to defendants. We are also unable to find any error of law committed by the trial court. Defendants have not favored us with a brief or with any assistance. In accord with *Ballard* v. *Pacific Greyhound Lines,* 28 Cal.2d 357, 361 [170 P.2d 465], we have considered the entire record on which the order was based to discover whether there is any error which would justify the trial court in making the order, to see if there is any ground on which the order can be upheld. We have found none.

Order reversed.

Shinn, P. J., and Wood (Parker), J., concurred.