[Civ. No. 21478.   Second Dist., Div. Two.   July 19, 1956.]

BARBARA D. DORAN, Respondent, v. ANN C. DREYER, Appellant.

Hyman Gold and Harry Gold for Appellant.

A. W. Brunton for Respondent.

ASHBURN, J.—Defendant appeals from a judgment for $5,400 principal and $894.50 interest, which is based upon findings that she obtained the $5,400 from plaintiff by fraud in the form of a promise made without any existing intention to perform the same.

Defendant tried the case in propria persona. On appeal she requests through present counsel that "in the best interests of justice" this court "extend further latitude to appellant than would ordinarily be the case, in interpretation of the transcript and records of the trial in the lower court." This request misconceives the applicable rule. ▮▮ "A litigant has a right to act as his own attorney (*Gray* v. *Justice's Court,* 18 Cal.App.2d 420 [63 P.2d 1160]) 'but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded.' (*Knapp* v. *Fleming,* 127 Colo. 414 [258 P.2d 489]; *Monastero* v. *Los Angeles Transit Co.,* 131 Cal.App.2d 156, 160-161 [280 P.2d 187].) The Supreme Court of Arizona, in *Ackerman* v. *Southern Arizona Bank & Trust Co.,* 39 Ariz. 484 [7 P.2d 944], stated the principle in this language: 'A layman with resources who insists upon exercising the privilege of representing himself must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.' To that same effect is *Biggs* v. *Spader,* 411 Ill. 42 [103 N.E.2d 104]. ▮▮ The fact that a layman elects to represent himself 'certainly does not excuse him from a failure of proof' of his cause of action. (*Pete* v. *Henderson,* 124 Cal.App.2d 487, 491 [269

P.2d 78].)'' (*Lombardi* v. *Citizens Nat. Trust etc. Bank,* 137 Cal.App.2d 206, 208 [289 P.2d 823].)

█ Claiming that the finding of fraud is not supported by the evidence counsel engage in an argument as to the preponderance of the evidence, disregarding the rule which has been so often repeated, and as recently as *Primm* v. *Primm,* 46 Cal.2d 690, 693, 694 [299 P.2d 231]: ''(1) When a finding of fact is attacked on the ground that there is not any substantial evidence to sustain it, the power of an appellate courts *begins* and *ends* with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support the finding of fact. . . . █ (2) When two or more inferences can reasonably be deduced from the facts, a reviewing court is without power to substitute its deductions for those of the trial court.'' Mr. Justice Vallée put it thus: ''With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is *any* substantial evidence to support them; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom. No one seems to listen.'' (*Overton* v. *Vita-Food Corp.,* 94 Cal.App. 2d 367, 370 [210 P.2d 757].)

█ The answer (drawn by a former attorney), in addition to denials of the principal allegations of the complaint, alleges by way of separate defense that the $5,400 was received by defendant in two loans, $400 and $5,000, respectively; that they were represented by promissiory notes dated December 15, 1952, and December 27, 1952; that ''thereafter and on or about the 1st day of March, 1953 this answering defendant first learned that plaintiff was confined to the State Hospital located at Camarillo, California, as a result of mental illness''; that there was an accord and satisfaction on or about June 30, 1953, whereby plaintiff agreed to accept in full satisfaction of the debt certain real property in the city of Hanford; that defendant ''holds said deed in her possession waiting oral instructions from plaintiff in accordance with the oral agreement between plaintiff and defendant that said deed be delivered to plaintiff upon plaintiff's receiving and conveying to defendant written evidence of plaintiff's restoration to legal capacity.'' This plea is insufficient because it does not allege the essential element of full performance of the terms of the

accord. (Civ. Code, § 1522; 1 Cal.Jur.2d § 34, p. 276; *Silvers* v. *Grossman,* 183 Cal. 696, 699 [192 P. 534].)

▮ Complaint is made that appellant was precluded from the introduction of evidence "with relation to the possibility of an accord and satisfaction or novation for the agreement to repay the money she had borrowed from respondent." It appears, however, that plaintiff was adjudged mentally ill and committed to Camarillo on February 25, 1953, paroled on June 30, 1953, and restored to capacity on February 1, 1954. According to defendant's answer she learned of this commitment about March 1, 1953; her testimony placed it in May, 1953. The alleged accord agreement is claimed to have been made on or about June 30, 1953. Such a contract, made before restoration to capacity, is void. (Civ. Code, § 40; *Hellman Commercial T. & S. Bank* v. *Alden,* 206 Cal. 592, 604 [275 P. 794]; *Gibson* v. *Westoby,* 115 Cal.App.2d 273, 275-276 [251 P.2d 1003].) The facts concerning this adjudication and restoration appeared early in the trial and the court ruled repeatedly that evidence of same would not be received. However, leniency toward one appearing in propria persona resulted in defendant's getting her evidence into the record and the effect of that was to prove that any agreement of accord and satisfaction was void, if actually made. Plaintiff testified that she made no such agreement. Indeed, defendant's own evidence shows the same thing. There was no error in the rulings on this phase of the case.

Though there is no pleading to that effect counsel now argue for a novation. Plaintiff's testimony, which was accepted by the court, disproved any such claim. Hence the argument must fail of fruition.

Appellant's real defense was that she had merely borrowed $5,400 from plaintiff in a simple loan transaction resulting in two promissory notes, and that she had liquidated them through an accord and satisfaction whose subject matter was the Hanford property. After the evidence was practically closed the trial judge interrogated her. In response to his questions she said that she received the $5,400 from plaintiff and delivered the two notes; that they had been extended until sometime in 1954 (the trial began on May 2, 1955); that she had paid no part of principal or interest on either note; that she does not deny owing the money and her defense is the alleged agreement concerning the Hanford house,—the void agreement made, if at all, during plaintiff's adjudged incompetency. On further cross-examination by plaintiff's counsel

it developed that defendant had sold the Hanford house which her answer alleged she was still holding for delivery to plaintiff.

Neither an insufficiency of the evidence nor a prejudicial error appears.

Judgment affirmed.

Moore, P. J., and Fox, J., concurred.