[Civ. No. 28646. Second Dist., Div. Three. Aug. 15, 1966.]

Estate of WILLIAM WALTZ, Deceased. DEL THURBER, Petitioner and Respondent, v. NINA M. MAXSEINER, Objector and Appellant.

Elsie P. Manahan for Petitioner and Respondent.

M. Craig Medoff for Contestant and Appellant.

FRAMPTON, J. pro tem.*—Appeal from an order granting letters of administration to respondent and denying letters of administration to appellant.

The file below discloses that William Waltz died intestate in the County of Los Angeles on July 28, 1963. He left surviving him his wife, Hildegard Lindstedt Waltz, who had been adjudged to be mentally incompetent and who was confined as a mentally incompetent person in the Veterans Administration Hospital at American Lake in the State of Washington.

On July 30, 1963, the respondent was appointed special administrator of the estate of William. On August 23, 1963, the respondent was appointed as the guardian of the person and estate of Hildegard. On September 12, 1963, the respondent filed his petition, as guardian of Hildegard, seeking appointment as the administrator of the estate of William. Hearing on this petition was set for October 8, 1963.

In the petition for special letters of administration the respondent had given the names of Fred Waltz, Laura Waltz, Margaret Shendel, Fern Mosgrove and Harold Moore, and had listed them as adult cousins and had given their addresses showing them to be residents of jurisdictions other than the State of California. In the petition for letters of administra-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

tion filed by the respondent the foregoing names were omitted with the explanation that "The relatives listed on the Petition for Special Letters of Administration are not included in this Petition inasmuch as your Petitioner learned that these relatives were all children of deceased brothers and sisters of decedent William J. Waltz's father and therefore not heirs at law of William J. Waltz."

On September 30, 1963, the appellant filed her petition seeking her appointment as the administratrix of the estate of William. She alleged in her petition that she was a second cousin of the deceased. This petition alleged that the deceased left a surviving spouse, Hildegard Waltz, a mentally incompetent person, but left no children, issue of deceased children, mother or father, sisters or brothers, or issue of deceased sisters or brothers surviving him. The petition further alleged that the following named persons were second cousins and were heirs at law of the deceased: Pearl Metting, Harold Waltz, J. V. Waltz, O. W. Waltz, Marie Waltz, Bertha Waltz Kerwin, and Nina Waltz Maxseiner, the petitioner and appellant herein.

The petition of Nina was set for hearing on October 22, 1963. This petition does not show her to be the nominee of anyone and her petition has never been amended to show her to be the nominee of any relative of the decedent who is entitled to succeed to the estate of William or any portion thereof.

According to the allegations of her petition, assuming that the surviving spouse was incompetent to act as administratrix or was incompetent to nominate a person whom she wanted appointed to act as administrator of her deceased husband's estate, the appellant would be entitled to letters as "any person legally competent" under subdivision 10 of section 422 of the Probate Code.

On October 8, 1963, the hearing on respondent's petition was continued to October 22, 1963, so that both petitions could be heard at the same time. On October 22, 1963, the appellant filed a document signed by Hildegard nominating appellant to act as administratrix of the estate of William in the place and stead of Hildegard. It also contained language appointing Nina "as my agent as such administratrix." This document bears the date of October 16, 1963. At the same time appellant filed a document bearing date of October 18, 1963, signed by nine persons, including seven of the persons named in her petition for letters of administration and described as second

cousins, wherein the nine persons were described as heirs at law of William, and wherein they jointly and severally nominate appellant to act as administratrix of the estate of William in the place and stead of any other person, including the respondent.

Without objection the hearing on both petitions was continued to November 7, 1963.

On November 7, 1963, respondent filed a document executed on October 24, 1963, signed by Hildegard in which she revoked and withdrew her nomination of appellant and in which she nominated the respondent to administer the estate of William. This revocation and nomination was supported by the affidavit of Hildegard and bore upon the circumstances under which Hildegard executed the nomination of appellant to act as administratrix, and indicated that Hildegard signed such nomination under a mistake of fact.

On November 7, 1963, the appellant filed her objections to the petition for letters of administration of the respondent, alleging that the respondent was incompetent to act as administrator because of claimed irregularities and want of integrity on his part in the guardianship proceedings, and because of alleged misrepresentations in the respondent's petition for appointment as special administrator and his alleged lack of good faith in obtaining a nomination by Hildegard for him to act as administrator of the estate instead of his attempting to show that Hildegard was incompetent to execute a nomination or to execute a retraction of a nomination. The objection also raised the question of estoppel against Hildegard to withdraw her nomination of appellant. At the hearing the appellant withdrew the allegations against respondent wherein she had charged irregularities, want of integrity and lack of good faith and such allegations were ordered stricken from the objections. This left only the question of her priority to letters of administration by reason of the nomination and the question of estoppel.

Both petitions and the objections of the appellant to the petition of the respondent were heard on November 8, 1963 and after the hearing the proceedings were ordered submitted. On November 12, 1963, the court made and entered its order granting the petition of the respondent for letters of administration and denying the petition of appellant. No mention is made in this order of appellant's objections to the respondent's petition and no findings of fact were filed by the trial judge. The appeal is from this order.

The appellant urges eight grounds upon which she claims that the court committed reversible error. Many of these grounds are different statements of the same claim of error and we will endeavor to consolidate them as follows:

1. The nomination of appellant by the surviving spouse entitled her to letters of administration as a matter of law in the absence of objections having been filed to her petition, and the fact that the respondent had filed a petition for letters of administration as guardian of the surviving spouse did not give him priority over appellant for the issuance of such letters.

2. The retraction of her nomination was ineffective by reason of estoppel based upon the appellant having expended time and money in applying for the appointment on the faith of the nomination.

3. The court erred in failing to sign and file written findings of fact.

The petitions of the appellant and respondent for letters of administration both refer to Hildegard as one who had been adjudged to be an incompetent person and the record is barren of any evidence to show that she had ever been restored to capacity. The superior court file in which William was first appointed as guardian of Hildegard shows that on August 24, 1934, she was committed to the State Hospital at Patton, California by reason of insanity. The record in the guardianship proceedings discloses further that William acted as the guardian of Hildegard until the time of his death on July 28, 1963. After the death of William the respondent, as an old family friend, filed a petition to be appointed as the guardian of the person and estate of Hildegard. This petition was granted on August 23, 1963. In explanation of why Hildegard, at the time of the hearing on the petitions here involved, was confined as a mentally incompetent person in the Veterans Administration Hospital at American Lake in the State of Washington, the petition for the appointment of the respondent as guardian of Hildegard discloses that her mental and emotional incapacity was brought about by shell shock incurred during her service as a nurse in World War I.

On the face of the petitions herein filed and the uncontradicted evidence produced at the hearing, it was made to appear as a matter of law that Hildegard lacked the qualifications required in order that she might act as administratrix of the estate of William. (Prob. Code, §§ 420, 401.) Had Hildegard been mentally competent to act as the administra-

trix of the estate of William, being the surviving spouse, she had the right of first priority in being named as such administratrix (*Estate of Hirschberg,* 224 Cal.App.2d 449, at p. 461 [36 Cal.Rptr. 661]) or she had the right to nominate a competent person to be appointed to administer the estate (Prob. Code, § 422, subd. (1).) Section 40 of the Civil Code provides in part as follows: ''After his incapacity had been judicially determined, a person of unsound mind can make no conveyance or other contract, *nor delegate any power or waive any right,* until his restoration to capacity. . . .'' (Italics added.) It has been held that a contract made by one after he has been adjudged to be incompetent is void. (*Hellman Commercial Trust & Sav. Bank* v. *Alden,* 206 Cal. 592 [275 P. 794]; *Gibson* v. *Westoby,* 115 Cal.App.2d 273 [251 P.2d 1003].)

■ The execution of the nominations by Hildegard, for the appellant and respondent to act as the administratrix and administrator respectively of the estate of her deceased husband constituted a waiver of a right within the language of section 40 of the Civil Code; also, the appointment by Hildegard of Nina to act as her agent was the delegation of a power proscribed by such section, and Hildegard having been adjudged a mentally incompetent person and not having been restored to capacity, such nominations and delegation were void.

Neither the appellant nor the respondent having held a valid nomination from the surviving spouse, the question remains whether the respondent had priority to be named as administrator by reason of his status as guardian of Hildegard.

■ The guardian is to be considered a member of the class to which his ward belongs and ahead of all lower classes, and the court has no discretion to appoint a person of an inferior class in preference to the guardian. (*Estate of Turner,* 143 Cal. 438 [77 P. 144]; *Estate of Davis,* 55 Cal.App.2d 784 [131 P.2d 557].)

The respondent, standing in the class of his ward, the surviving spouse, and being a competent person, is entitled to first priority to be appointed as administrator of the estate of William. (Prob. Code, § 422.) ■ The appellant and her nominors, other than Hildegard, being described as second cousins of the deceased, and not being entitled to succeed to the estate of William or any part thereof, would be entitled to letters of administration tenth in order of priority. (Prob. Code, § 422.)

When the two petitions herein were filed the proceedings became a contest as to which petitioner was entitled to be appointed to act as the administrator or administratrix of the estate of William. (*Estate of Schwartz,* 79 Cal.App.2d 301 at p. 305 [179 P.2d 863].) The objections which were filed by the appellant to the petition of respondent raised issues of fact as to the competency of respondent and as to whether an estoppel existed. As heretofore pointed out, at the hearing, the appellant withdrew her accusations bearing upon the alleged incompetency of the respondent and the trial court struck such allegations from the objections. The nomination of appellant being void, no issue was left on the question of estoppel.

The question then as to who was entitled to letters of administration was a question of priority under section 422 of the Probate Code, and under the record before the trial court such question was one of law and no findings of fact were necessary or required.

The order is affirmed.

Shinn, P. J., and Kaus, J., concurred.