**William A. BACHER, Joseph H. Sage, etc., Appellants,**

v.

**Joseph Patrick PATENCIO et al., Appellees.**

No. 19682.

United States Court of Appeals
Ninth Circuit.

Dec. 1, 1966.

Saul Ruskin, Palm Springs, Francis H. O'Neill, William G. Coskran, Los Angeles, Cal., for appellants.

Raymond C. Simpson, Laurence M. Watson, Long Beach, Cal., James Hollowell, Palm Springs, Cal., for appellees.

Before CHAMBERS, BARNES, and ELY, Circuit Judges.

PER CURIAM:

The majority agrees with the reasoning of Judge Byrne in the court below.

232 F.Supp. 939 (S.D.Cal.1964). The judgment of the District Court is affirmed.

CHAMBERS, Circuit Judge (concurring):

I reach the same result as the majority.

Joseph Patrick Patencio, an Indian of the Agua Caliente band of Mission Indians, has reneged on his deal made by him and his California conservator to sell his federally allotted land at Palm Springs to the appellants. The land is still held by the United States for Patencio under congressional Indian laws administered by the Secretary of the Interior. (This concurrence will assume familiarity with the district court opinion, Bacher et al. v. Patencio and his conservator, 232 F.Supp. 939. Therein that court sustained a motion to dismiss appellants' complaint wherein they were plaintiffs.)

I would affirm on a different ground, not reaching the ground relied upon by the trial court. Generally, the trial court held that under federal Indian law Patencio could do with impunity just what he has done.

The Secretary's delegate under applicable statutes found the sale fair to the Indian and eventually approved it. But the Secretary has declined to issue his deed to Patencio because Patencio, not his guardian, has requested the Secretary not to issue it. At all times pertinent to this case, Patencio has had a conservator, a polite word for one type of guardian in California. The complaint shows the conservator is ready and willing (but not able) to perform the private contract with appellants to sell. The contract is evidenced by escrow instructions to the bank signed by appellants, Patencio and the conservator. But the conservator is not able to carry out the transaction by giving his deed to the appellants because, as above related, the Secretary, at Patencio's behest, issues no deed to him. The state superior court in Riverside County has approved, in regular conservator-guardian proceedings, the sale.

My analysis is this: To get title to appellants, the title to the property must first be placed in the ward Patencio by the Secretary under all of the paternal provisions for handling the Indian trust lands. Then to get the title from the ward over to the buyers, the rights are grounded in California law.

The conservator has not breached the contract.[1] No allegation is made that he has not done everything requested or demanded of him.[2] But even if the Indian is just a little bit incompetent, he has a conservator appointed under the California state probate laws.[3] The existence of this conservator deprived the Indian of his personal right to make California contracts about his land in California,[4] just as if he were wildly insane. The contract, therefore, stands as if only signed by the conservator.[5] Therefore, the In-

---

1. The complaint says, "the Bureau [of Indian Affairs under the Secretary of Interior] failed to issue said evidence of title [the fee patent] solely because of defendant Patencio's instructions."

2. The escrow instructions signed for the bank have a clause which reads: "The closing of this escrow is subject to a fee patent being issued to the seller by the United States government." The problems of the case might be different if there has been an allegation that the conservator did something to frustrate the issuance of the patent.

3. 25 U.S.C. § 954 provides the Secretary of Interior shall request appointment of guardians under "applicable state law" for "those adult allottees who in his judgment

are in need of assistance in handling their affairs." I assume, without deciding, that in Patencio's case the Secretary either petitioned the state court for the conservator or caused it to be petitioned '

4. See California Civil Code § 1556, California Code of Civil Procedure § 372.

5. Where there has been a judicial determination of incapacity, business contracts made by the ward are void. Hellman Commercial Trust & Savings Bank v. Alden, 206 Cal. 592, 275 P. 794; Gibson v. Westoby, 115 Cal.App.2d 273, 251 P. 2d 1003; Doran v. Dreyer, 143 Cal.App. 2d 289, 299 P.2d 661. Thus, Patencio's signature added nothing to the contract over and above the conservator's signature.

dian is not a proper party in his own right. The appellants, inter alia, in their complaint asked the trial court to compel Patencio to ask for the patent or to respond in damages. Because of state wardship, no such relief can be granted.

I would like to dispose of the case by the method above outlined because I think a disposition under federal law based upon an analysis of the gamut of statutes affecting Indians would be more appropriate in a case where the Secretary of Interior is before the court. Appellants fail if they cannot clear both state and federal law. They do not here clear state law.

I have not reached the question of whether on the federal issues the Secretary of Interior is a necessary, proper or possible party.