Filed 1/21/14  Alongi v. Pelak CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COPY

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| CAROL LILLIAN ALONGI, | C069647 |
| Plaintiff and Appellant, | (Super. Ct. No. 149929) |
| v. | |
| MICHAEL N. PELAK, Individually and as Trustee, etc., | |
| Defendants and Respondents. | |

Plaintiff Carol Lillian Alongi, in propia persona, appeals from the trial court's order imposing discovery sanctions, striking her complaint and dismissing the action against defendant Michael N. Pelak, individually and as trustee of the Michael N. Pelak Revocable Trust, and Does 1 through 10 (collectively, Pelak).

Alongi, representing herself in the trial court, filed a complaint seeking injunctive relief from eviction related to Pelak's unlawful detainer action against her, declaratory

1

relief and monetary damages.  Alongi alleged causes of action for fraud, breach of contract, negligence, intentional injury and willful endangerment.  After Alongi failed to respond to Pelak's discovery requests and failed to comply with the court order compelling responses, Pelak filed a motion for terminating sanctions.  The trial court granted the motion, struck the complaint, and ordered the action dismissed with prejudice.

We are able to discern two issues raised by Alongi's briefing:  (1) whether the trial court properly ordered the truth of the matters in Pelak's request for admissions deemed admitted, and (2) whether the trial court properly struck the complaint and dismissed the case pursuant to Code of Civil Procedure section 2023.030, subdivision (d).  Pelak asserts that we should strike Alongi's opening brief and dismiss her appeal.  We address the merits and conclude that the court properly struck the complaint and dismissed the action.[1]

We affirm.[2]

---

[1]  While we considered Pelak's motion to strike appellant's opening brief and dismiss the appeal, which he renews in his brief, we believe it is better for the sake of finality and for the benefit of the parties to resolve this appeal on the merits.

[2]  On April 19, 2013, Alongi filed a document entitled "Disqualification of a Legal Process - The Trial Court with Memorandum and Objections - Respondent's Brief." Alongi clarified that this document is a request for judicial notice; however, the document does not request we take notice of anything noticeable and does not comply with California Rules of Court, rule 8.252(a).  Accordingly, we deny the request.

## FACTUAL AND PROCEDURAL BACKGROUND[3]

### Allegations of the Complaint

On April 1, 2010, Alongi filed a civil complaint against Pelak, alleging various causes of action stemming from Alongi's lease of an apartment in Chico from Pelak. The complaint sought injunctive relief and stated causes of action for negligence, breach of contract, fraud, and "intentional injury & willful endangerment" to plaintiff's life. In addition to injunctive relief preventing her eviction from the apartment, Alongi sought declaratory relief and monetary damages.

The factual allegations of the complaint are difficult to decipher; however, the exhibits to the complaint provide some clarity. On November 24, 2009, Alongi and Pelak executed an Agreement to Rent or Lease an Apartment for a period of seven months at $445 per month, beginning on December 1, 2009. Shortly after moving in, Alongi complained about water damage and toxic mold in the apartment and stopped paying the rent. Pelak instituted unlawful detainer proceedings against Alongi, serving a three-day notice to pay rent or quit on March 29, 2010. Alongi contends that she attempted to pay rent for March but Pelak never claimed the check from the post office.

While Pelak was attempting to evict Alongi, Alongi complained to the City of Chico about toxic mold in the apartment. The City inspected her apartment on March 4 and again on April 1, 2010, and the inspectors found no substandard housing issues. Alongi then obtained her own inspections on or around June 1, 2010 by Environmental

---

[3] In her opening brief, Alongi makes numerous assertions concerning the factual and procedural background in this case. However, she does not cite the record to support many of her assertions. We need not recite these assertions here because, to the extent they are not supported by the record, they are without any persuasive value on appeal. We therefore disregard all factual and procedural claims made by Alongi that are unsupported with citation to the record. (See Cal. Rules of Court, rule 8.204(a)(1)(C).)

Services, Inc., which found some asbestos in the popcorn ceiling material and mold in the apartment.[4]

## Procedural History

On May 23, 2010, shortly after Alongi instituted her civil action, she filed a motion to stay the proceedings of the unlawful detainer action.[5]

On May 28, 2010, Alongi filed a motion to consolidate this case with the unlawful detainer action, which was later denied.

On February 16, 2011, Pelak filed a Settlement Conference Statement in this case requesting that the court vacate the June 2011 trial date. On that same day, Pelak served Alongi by mail with a request for production of documents. The response was due March 23, 2011.

On February 24, 2011, Alongi filed a belated settlement conference statement. The trial court held a mandatory settlement conference on February 24, 2011 and vacated the June trial date.

On February 25, 2011, Pelak took a partial deposition of Alongi. During her deposition, Alongi stated that she had documents pertaining to her lawsuit in her possession, but she refused to produce them. Also on February 25, Pelak sent Alongi, via Federal Express, a request for admissions, which included thorough instructions and requested 21 admissions, as well as a request for answers to form interrogatories. Alongi's responses were due by March 31, 2011.

---

[4] Pelak maintains that the mold was the result of numerous storage boxes Alongi brought into the apartment, as pictures of the unit during Alongi's occupancy demonstrated.

[5] Alongi does not provide us with documentation of the outcome of this motion, but presumably it was denied since Pelak obtained a judgment on June 17, 2010, in which he was awarded possession of the premises and cancellation of the rental agreement, plus costs, attorney fees, and past due rent.

On April 5, 2011, Pelak's counsel sent a letter to Alongi advising her that the discovery responses were overdue and if they were not received by April 8, 2011, Pelak would seek sanctions and dismissal. On April 7, 2011, rather than respond to the discovery requests, Alongi filed an untimely motion for a protective order, generally objecting to all the discovery requests.

On April 8, 2011, Pelak filed a motion for an order establishing admissions and for sanctions, requesting that the court deem the matters in the request for admissions admitted. The hearing on this motion was originally set for May 13, 2011, but the court continued the hearing to June 17, 2011.

On May 18, 2011, Pelak filed a motion to compel responses to the form interrogatories and the request for production of documents and for sanctions. On May 26, 2011, Alongi filed a document entitled "Motion to Show Cause re: Fraud, Suppress/Expunge Defendant's Documents, and for Sanctions on Defendant." All of these various pending motions were set for hearing on June 17, 2011.

Prior to the June 17, 2011 hearing on the pending motions, Alongi withdrew her motions, renoticed them, and requested that they be reset for hearing on July 8, 2011. However, Pelak's two pending motions remained set for June 17, 2011.

On June 6, 2011, Alongi served a document entitled "Plaintiff's Rebuttal to Motion to Compel Interrogatories, Production of Documents, and Sanctions/Answers to Defendant's Interrogatories and Production of Documents." [6] This document included partial answers to the interrogatories and a general objection to the request for production of documents as overly burdensome. However, Alongi supplied objections such as "irrelevant" and "privileged" to most of the questions, including basic questions about her name and address. The responses Alongi did provide were incomplete. Similarly, on

---

[6] It is unclear from the record whether this document was actually filed in the trial court because the document in Alongi's augmented record is not file-stamped by the court.

June 7, 2011, Alongi served a document entitled "Second Reply to Defendant's Opposition to Motion and Amended Motion for Protective Orders."[7] Alongi also included purported responses to the request for admissions with this document, which objected to 16 of the 21 requests as "fraudulent" and/or "illegal," admitted or partially admitted Nos. 10 and 13, denied No. 14 as "false," and claimed insufficient knowledge in response to Nos. 8 and 9. Additionally, she attached a copy of the request for admissions, striking out all but two requests in ink, calling it an "Addendum to Plaintiff's Rebuttal & Objections."

On June 17, 2011, Pelak's motions were before the trial court. Alongi appeared via Court Call; however, she had not requested oral argument after the court issued a tentative ruling, and she had not provided notice to Pelak's counsel of her intent to argue the motions orally as required by the local rule.[8] (See Super. Ct. Butte County Local Rules, rule 2.9; Cal. Rules of Court, rule 3.1308(a)(1).) Accordingly, the court adopted its tentative ruling and granted Pelak's motions to deem admitted the request for admissions, to compel responses to the form interrogatories and request for production of documents and for monetary sanctions in the amount of $680. The court ordered Alongi to prepare responses to the form interrogatories and request for production of documents and serve them on Pelak within 18 days of notice of the entry of the order, which Pelak served by e-mail and by overnight delivery on June 17, 2011. Alongi never paid the sanctions, and she never provided responses to the interrogatories or the request for production of documents. Further, Alongi never sought relief from waiver under Code of

---

[7] Again, it is unclear from the record whether this document was actually filed in the trial court because the document in Alongi's augmented record is not file-stamped by the court.

[8] Pelak's counsel, nevertheless, appeared in person.

Civil Procedure section 2033.280, subdivision (a)**9** before the court ordered the matters specified in the request for admissions deemed admitted, and she never moved to withdraw or amend the deemed admissions under Code of Civil Procedure section 2033.300.**10**

On June 27, 2011, Alongi filed an application to reconsider and revoke notice of entry of order and the June 17, 2011 orders after hearing, in which she insisted that she had already responded to the discovery requests. Alternatively, she demanded a change of venue. Alongi did not submit a declaration in support of the application; instead, she claimed in the application that her "previously filed motions superceded defendant's filing any of these motions and should never have been filed and should not have been ruled on, at least not until all of my motions have been finally determined," despite the fact that she withdrew and renoticed her motions for a later hearing date. Alongi went on to explain she did not understand that the local rules required her to review the tentative

---

**9**  Section 2033.280, subdivision (a) provides that when a party fails to serve a timely response to requests for admission: "(a) The party to whom the requests for admission are directed waives any objection to the requests . . . . The court, on motion, may relieve that party from this waiver on its determination that both of the following conditions are satisfied: [¶] (1) The party has subsequently served a response that is in substantial compliance with Sections 2033.210, 2033.220, and 2033.230. [¶] (2) The party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect."

**10** Section 2033.300 provides: "(a) A party may withdraw or amend an admission made in response to a request for admission only on leave of court granted after notice to all parties. [¶] (b) The court may permit withdrawal or amendment of an admission only if it determines that the admission was the result of mistake, inadvertence, or excusable neglect, and that the party who obtained the admission will not be substantially prejudiced in maintaining that party's action or defense on the merits. [¶] (c) The court may impose conditions on the granting of the motion that are just, including, but not limited to, the following: [¶] (1) An order that the party who obtained the admission be permitted to pursue additional discovery related to the matter involved in the withdrawn or amended admission. [¶] (2) An order that the costs of any additional discovery be borne in whole or in part by the party withdrawing or amending the admission."

7

ruling for the June 17, 2011 hearing and notify the court and opposing counsel if she planned to orally argue the motion. Alongi said that on the day of the hearing, the court told her that a court clerk had previously informed her of her duty to notify the opposing party of her intent to appear if she objected to the tentative ruling. When Alongi asked for leniency, the court told her she was responsible for knowing as much of the law as an attorney. Alongi admitted the court clerk had told her she needed to contact opposing counsel, but asserted that her previous notice to make telephonic appearances by Court Call sufficed. On July 1, 2011, Pelak opposed the application as improper under Code of Civil Procedure section 1008, subdivision (a), without proper notice of a hearing date under Code of Civil Procedure section 1005, and without substantive merit.[11]

On July 15, 2011, the various motions Alongi had postponed were heard. The court issued an order denying the motions on July 21, 2011.[12]

Also on July 15, 2011, Pelak filed a motion for terminating sanctions and monetary sanctions, requesting that the court strike the complaint and dismiss the action pursuant to Code of Civil Procedure section 2023.030, subdivision (d). By this time, Alongi had still not produced any documents or served proper responses to the form interrogatories, and she had not paid any sanctions ordered by the court.

On the day of the hearing, August 19, 2011, Alongi filed a late opposition, objecting to Pelak's motion for sanctions and contending that she had in fact "answered and participated in all [Pelak's] discovery requests." The trial court granted Pelak's

---

[11] It appears that this application was denied; however, neither party included the order denying Alongi's application in their augmented records.

[12] Alongi complains that there were no electronic recordings to purchase of this hearing and the other law and motion hearings in this case, asserting that "civil cases in Butte co. [*sic*] are not courts of record for oral proceedings." Alongi did not request and pay for a court reporter as required in civil proceedings in Butte County Superior Court. (See Super. Ct. Butte County Local Rules, rule 2.5.)

8

motion, striking the complaint and dismissing the action with prejudice. The court did not order any additional monetary sanctions. On August 22, 2011, the notice of entry of order was served. It was filed the following day.

## DISCUSSION

As Pelak points out in his brief, Alongi has failed in her duty to clearly state the issues on appeal, to make appropriate citations to the material facts in the record, and to make coherent legal arguments. (See Cal. Rules of Court, rule 8.204(a)(1)(B)-(C); see also *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["We discuss those arguments that are sufficiently developed to be cognizable. To the extent [a party] perfunctorily asserts other claims, without development . . . , they are not properly made, and are rejected on that basis."].)

Although Alongi appears in this court without counsel, that does not entitle her to special treatment. (See, e.g., *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) " 'A litigant has a right to act as [her] own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." ' [Citations.]" (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290; accord, *Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284 ["in propria persona litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure"].)

Problematically, Alongi's brief on appeal lacks both citations to pertinent authority and a coherent legal argument. "To demonstrate error, appellant must present meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error. [Citations.] When a point is asserted without argument and authority for the proposition, 'it is deemed to be without foundation and requires no discussion by the reviewing court.' [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) An appellant must present each point separately in the opening brief under an appropriate heading, showing the nature of the question to be

9

presented and the point to be made. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830-1831, fn. 4 [reviewing court may disregard claims perfunctorily asserted without development].)

From our review of the record, as well as the briefing, we believe we are able to decipher two coherent legal issues: (1) whether the trial court properly ordered Pelak's Request for Admissions deemed admitted and (2) whether the trial court properly struck the complaint and dismissed the case pursuant to Code of Civil Procedure section 2023.030, subdivision (d).

### A. Order Deeming Admitted the Request for Admissions

Code of Civil Procedure section 2033.280 provides: "If a party to whom requests for admission are directed fails to serve a timely response, the following rules apply: . . . [¶] . . . [¶] (b) The requesting party may move for an order that the genuineness of any documents and the truth of any matters specified in the requests be deemed admitted, as well as for a monetary sanction . . . . [¶] (c) The court shall make this order, unless it finds that the party to whom the requests for admission have been directed has served, before the hearing on the motion, a proposed response to the requests for admission that is in substantial compliance with Section 2033.220. It is mandatory that the court impose a monetary sanction . . . on the party . . . whose failure to serve a timely response to requests for admission necessitated this motion." In order for responses to be substantially compliant with section 2033.220, the responses must "be as complete and straightforward as the information reasonably available to the responding party permits." (Code Civ. Proc., § 2033.220, subd. (a).)

Alongi presents no argument or authority demonstrating that her purported responses were in substantial compliance with the governing statute. Indeed, her belated responses to the request for admissions were attached to a document served by Alongi purportedly in reply to Pelak's opposition to Alongi's motion for a protective order. Additionally, the purported responses contained objections to 16 of the 21 requests as

10

"fraudulent" and/or "illegal." "Fraudulent" and "illegal" are not proper objections to a request for admissions. Regardless, because all objections to the request for admissions were waived due to Alongi's failure to timely respond, the only permitted responses to the requests were admissions, denials, or statements of inability to admit or deny for lack of information. (See Code Civ. Proc., §§ 2033.220, 2033.280, subd. (a).) If Alongi wished to object to any of the requests, she should have sought relief from waiver under Code of Civil Procedure section 2033.280, subdivision (a), and in order to obtain relief, she was required to serve a response in substantial compliance with sections 2033.210-2033.230 and to show "mistake, inadvertence, or excusable neglect" to explain her delinquency. (See Code Civ. Proc., § 2033.280, subd. (a)(1)-(2).) Accordingly, Alongi's purported responses were not substantially compliant with section 2033.220, and the court was required to deem admitted the admissions pursuant to section 2033.280, subdivision (c). We find no error in the trial court's ruling.

## B. Order Striking the Complaint and Dismissing the Action

On appeal, Alongi contends that the court erred in striking the complaint and dismissing the action because she did attempt to answer the discovery requests. She argues that the court should not have ordered terminating sanctions where she "submitted adequate and truthful admissions and interrogatories." Additionally, Alongi argues that Pelak already had access to many documents in her possession, inasmuch as those documents had already been served in the instant action or in the unlawful detainer action. However, Alongi provides no citations to the record or authority supporting any of the foregoing assertions and arguments. We will not consider arguments that are not supported by legal analysis or authority. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 ["When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as [forfeited]"].) Moreover, Alongi's suggestion that she substantially complied with the discovery requests by submitting responses attached to her oppositions to Pelak's

11

motions misses the mark. Alongi's purported responses were procedurally defective, evasive, incomplete, and made improper and unsubstantiated objections. Further, after the court found these responses insufficient and ordered Alongi to prepare responses to the form interrogatories and the request for production of documents and serve them within 18 days of notice of the order, she never complied with it.

The issue we must decide on appeal is whether the trial court abused its discretion in ordering a terminating sanction in light of Alongi's failure to provide proper discovery responses and her subsequent failure to comply with the court's June 17, 2011 order compelling discovery. Code of Civil Procedure section 2023.030 authorizes a trial court to exercise its discretion to impose a terminating sanction by way of an order dismissing the case. (Code Civ. Proc., § 2023.030, subd. (d)(3).) "Management of discovery generally lies within the sound discretion of the trial court." (*Lipton v. Superior Court* (1996) 48 Cal.App.4th 1599, 1612.) "A decision to order terminating sanctions should not be made lightly. But where a violation is willful, preceded by a history of abuse, and the evidence shows that less severe sanctions would not produce compliance with the discovery rules, the trial court is justified in imposing the ultimate sanction." (*Mileikowsky v. Tenet Healthsystem* (2005) 128 Cal.App.4th 262, 279-280.)

In her appellate brief, Alongi rehashes the various excuses for her failure to comply with the initial discovery requests and the trial court's discovery order, but she provides no argument as to how the court's ruling was erroneous except for unsubstantiated accusations that the "trial court conspired with Mr. Pelak through discovery proceedings to harm my life, rights, remedy, and trial by jury." The record demonstrates that Alongi did not comply with the original discovery requests and even after the June 17, 2011 court order compelling discovery, Alongi still did not produce any documents, pay any ordered sanctions, or provide anything more than the improper responses that the court appropriately found inadequate. Under these circumstances, we

12

cannot say that the trial court abused its discretion in finding that a less severe measure would not have produced compliance with the discovery rules.

### DISPOSITION

The judgment is affirmed. Alongi shall pay Pelak's costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                               MURRAY       , J.


We concur:


        RAYE        , P. J.


      NICHOLSON    , J.