Filed 12/3/25  Marriage of Hite CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of SEAN HITE and KAITLIN HITE. | 2d Civ. No. B336357 (Super. Ct. No. 22FL01889) (Santa Barbara County) |
| SEAN HITE,<br><br>    Appellant,<br><br>v.<br><br>KAITLIN HITE,<br><br>    Respondent. | |

Sean Hite (Husband) appeals from a judgment in a marital dissolution case denying custody and visitation to his son, H.H. We affirm.

FACTS AND PROCEDURAL BACKGROUND

In 2022, Husband filed for divorce from Kaitlin Hite (Wife). They have two minor sons.  When Husband filed his petition, H.H. was nine years old and W.H. was four years old.

In January 2024, the trial court held a two-day evidentiary

hearing. Wife testified about two incidents where Husband unexpectedly arrived to take H.H. to school in the morning. In the first incident, H.H. became tearful and told Wife he did not want to go to school with Husband. Husband became aggressive and told H.H., "[Y]ou are coming with me."

The next day, H.H. again cried and stated he did not want Husband to take him to school. Husband put his body in between Wife and H.H., told Wife to "shut up," took H.H. by his shoulders, and aggressively pulled him into the car. H.H. was "kicking and hitting [and] trying to get away," and Husband "laid his body on top of [H.H.] to hold him in [the car] and put him in the seat belt and close the door." Wife tried to calm H.H. through the window, and Husband yelled at her to "get away from the car" and told the children, "[M]om caused this." H.H. testified the incident "scared" him.

The trial court appointed therapist Leslie Anderson to work with the parties. Husband was encouraged "to cooperate with, and participate in, Ms. Anderson's efforts to improve his relationship with his son." Anderson later testified that Husband canceled at least three therapy sessions with her, and that she "never had . . . to deal with" a parent as "uncooperative" as Husband in helping H.H. overcome his fear of Husband.

On the second day of the evidentiary hearing, the parties reached a partial settlement. The parties agreed to child support terms based on a custody arrangement where Husband had no custody of or visitation with H.H., and where Husband and Wife shared joint custody of W.H. The parties waived spousal support and dropped their respective requests for sanctions and attorney's fees. Husband agreed to these terms in open court. The trial court ordered that Wife would have legal and physical

custody of H.H., with no visitation to Husband. The judgment reflects the settlement and trial court's orders, including awarding full legal and physical custody of H.H. to Wife, and joint legal and physical custody of W.H. to Husband and Wife.

In March 2024, the parties appeared for a further hearing regarding Husband's relationship with H.H. At this hearing, Husband disputed the trial court's ruling regarding custody of H.H. The trial court reiterated its prior order that any visitation between Husband and H.H. would not be restored until Husband resumed therapy with Anderson. The trial judge then announced he would recuse himself due to Husband's complaints about the court's prior rulings, and transferred the case to another trial judge.

## DISCUSSION

Husband makes several arguments on appeal, none of which are adequately briefed. Instead, Husband offers lengthy legal authority without explaining how it supports reversal of the judgment. To the extent we can decipher Husband's arguments, we reject them on the merits.

As the appellant, Husband bears the burden of affirmatively demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286–287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt." (*Id.* at p. 287.) It is not

3

our role to develop Husband's legal theories or arguments on appeal. (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Nor are we required to scour the appellate record on our own to find trial court error. (*Young v. California Fish & Game Com.* (2018) 24 Cal.App.5th 1178, 1190.)

Husband's brief fails to include cogent legal arguments, legal analysis, and pertinent legal authority. Thus, we may disregard his arguments. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent [a party] perfunctorily asserts other claims without development . . . , they are not properly made, and are rejected on that basis"].) We are mindful Husband appears in pro per, but that does not entitle him to special treatment. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.) " 'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." [Citations.]' " (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

Notwithstanding Husband's failure to demonstrate error, we affirm the judgment because it is supported by substantial evidence. Notably, the judgment incorporated the terms of the parties' settlement, entered in open court, and Husband explicitly agreed to the settlement's terms. Furthermore, substantial evidence supports the trial court's award of sole physical and legal custody of H.H. to Wife. Wife and H.H. testified about incidents where Husband became physically aggressive with Wife and H.H., scaring H.H. Anderson testified that Husband canceled at least three appointments with her and demonstrated no desire to resume his therapy sessions, resulting in no

visitation between Husband and H.H.  And based on this record we cannot say the trial court abused its discretion in making its custody and visitation orders.

Husband implies the trial court was biased against him. The record does not reflect any bias, and Husband fails to cite any specific instances of bias.  As noted above, substantial evidence supports the judgment, including the parties' settlement and the facts supporting the custody orders.

Husband also contends the judgment must be reversed because of the trial court's recusal.  But based on our record, Husband failed to carry his burden on appeal to demonstrate that the error resulted in a miscarriage of justice.  (Cal. Const., art. VI, § 13 [no judgment shall be set aside unless the complained-of error results in a "miscarriage of justice"]; *Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)  While Husband contends the trial court improperly issued orders postrecusal, the record clearly demonstrates the trial court made its orders prior to recusal.

We also reject Husband's other contentions, such as his request for pendente lite fees.  The trial court denied Husband's "speaking motion for *Knox* fees" on January 17, 2024.[1]  But the parties later settled their financial issues.  Husband also raises an ineffective assistance of counsel claim, but does not identify what act constituted ineffective assistance. [2]  Nor does Husband

---

[1] Referring to *In re Marriage of Knox* (2022) 83 Cal.App.5th 15, and Husband's request for attorney's fees under Family Code section 2031.

[2] Husband was represented by two different attorneys at various points in the litigation.  At the time of the January 2024 evidentiary hearing, Husband was self-represented.

5

articulate how such a claim applies in this family law proceeding. (*In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1574–1575 [ineffective assistance of counsel claim unavailable in marital dissolution proceedings].)  Reversal is not warranted.

DISPOSITION

The judgment is affirmed.  Wife shall recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.

6

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____

Sean Hite, in pro. per., for Appellant.

Charles M. Oxton; Ferguson Case Orr Paterson and Wendy
C. Lascher for Respondent.