[Civ. No. 9053. Third Dist. July 1, 1957.]

EUGENE LOCATELLI, Respondent, v. PAUL ROBERT HASKELL et al., Defendants; ROBERT PHILLIPS, Appellant.

Spurr & Brunner and G. N. Tocher for Appellant.

Kasch & Cook and Leo M. Cook for Respondent.

VAN DYKE, P. J.—This is an appeal from the judgment rendered by the trial court sitting without a jury in a property damage action.

Respondent's truck, which he used in his trucking business, was damaged in an accident. The judgment awards him damages not only for the cost of repair of the truck, but

also the sum of $3,600 for loss of use. ■ The only assignment of error is the ruling of the trial court in permitting respondent, on the issue of loss of use, to testify as to the reasonable rental value of his truck over appellant's objection that respondent did not qualify as an expert and that a proper foundation had not been laid. Respondent contends he qualified to give opinion evidence as to rental value by reason of his ownership and operation of the damaged equipment, plus knowledge he had gained generally in the trucking business. Respondent testified that he had been in the trucking business for 10 years and that, although he had never rented trucks without drivers, he had hired trucks with drivers on a contract basis to subhaul. He testified that in his own business he had analyzed costs and in so doing had considered rental values of trucks such as he used. He testified that the hourly rental rate of trucks such as his, in the locality in which he operated was $12 and that in his opinion the reasonable rental value of his truck was $100 a day. This amount the trial court, in the absence of any other testimony on the subject, allowed for a period of 36 days. We find no error in the court's ruling. The showing was sufficient to place the admissibility of the testimony within the trial court's discretion and there appears no abuse thereof.

■ A somewhat similar situation was presented in *Pfingsten* v. *Westenhaver,* 39 Cal.2d 12, 20-21 [244 P.2d 395], wherein the owner of a trailer was allowed to testify as to its rental value, although he had never rented a trailer without a tractor and driver. The court pointed out that the plaintiff there had been in the oil trucking business for eight years and that his experience with trucks and trailers during that time showed some knowledge of the reasonable rental value of such equipment. The court stated, at page 20:

"The qualification of a witness to testify as an expert is a matter within the sound discretion of the trial court, and where there is no showing of a manifest abuse of such discretion the ruling of that court will not be disturbed upon appeal."

In our view this case comes within that statement of the rule.

The judgment appealed from is affirmed.

Schottky, J., concurred.