[Civ. No. 20819. First Dist., Div. Two. June 14, 1963.]

MILDRED HODGES, Plaintiff and Respondent, v. RUTH E. LOCHHEAD et al., Defendants and Appellants.

Thomas, Muller & Pia and Edson G. Thomas for Defendants and Appellants.

Kennedy, Dewar, Dormody, Romig & Curtis and Harold J. Romig, Jr., for Plaintiff and Respondent.

AGEE, J.—Defendants appeal from a judgment quieting title to a house and lot in plaintiff and awarding damages to plaintiff for the withholding of possession thereof by defendants.

*Plaintiff's Case.* On November 27, 1957, Frederick M. Horrigan executed a grant deed of the property to plaintiff and delivered it to his attorney, David H. Gill, with the following signed instructions: "You are instructed to deliver the enclosed deed to my home to Mrs. Mildred Hodges [plaintiff] on my death, and you are not to return the deed to me on any account."

Horrigan died on January 13, 1960. Gill thereupon physically delivered the deed in accordance with his instructions and plaintiff had it recorded on January 14, 1960.

The theory of plaintiff's case is stated in *Osborn* v. *Osborn,* 42 Cal.2d 358, 362 [267 P.2d 333], as follows: "It has long been established in this state that the deposit of a deed granting an estate in fee simple, with instructions that it be transmitted to the grantee upon the death of the grantor, conveys a remainder interest in fee simple with a life estate reserved in the grantor, if the grantor intended the deposit to be irrevocable."

The trial court correctly ruled that the instructions in the instant case evinced an irrevocable and unconditional intent by Horrigan to convey the property to plaintiff and to relinquish any right to recall the deed. This is the test of an effective delivery in such a situation (*Moore* v. *Trott,* 156 Cal. 353, 356 [104 P. 578, 134 Am.St.Rep. 131]) and the required intent is emphasized herein by the specific provision in the instructions that "you [Gill] are not to return the deed to me on any account."

Defendants question whether these instructions did, in fact, accompany the deed when the latter was delivered by Horrigan to Gill, pointing out that the instructions are dated November 26, 1957, whereas the deed is dated November 27,

1957. The argument is that, if the deed to plaintiff was delivered to Gill without any accompanying instructions, it was retractable by the grantor and the delivery was ineffective to convey title to plaintiff.

However, Gill testified that "these instructions and the deed were together at the time I received them and were attached to each other up until the time that I delivered the deed." The trial court made an express finding in accord with this testimony.

Defendants next argue that the written instructions may not have been the only instructions given by Horrigan to Gill. Also, that these instructions "are not entirely unambiguous or conclusive as to the Grantor's intent."

■ There is no evidence that there were any other instructions given to Gill at the time of the delivery of the deed to him. The written instructions are clear, concise, unconditional and irrevocable. They contain no ambiguity or uncertainty. There is nothing in the instructions that indicates that they "do not purport to be all of the directions given." (See *Van Core* v. *Bodner*, 77 Cal.App.2d 842, 849 [176 P.2d 784].) Therefore, the effect of the transaction is to be determined as a matter of law solely by the construction of the written instructions. (*Osborn* v. *Osborn, supra,* p. 364; *Windiate* v. *Moore,* 201 Cal.App.2d 509, 512 [19 Cal.Rptr. 860]; *Borgonovo* v. *Henderson,* 182 Cal.App.2d 220, 230 [6 Cal. Rptr. 236].)

■ Defendants offered to prove that, *subsequent* to the execution of the deed to plaintiff, Horrigan demanded the return of the deed from Gill. Plaintiff's objection thereto was sustained. The ruling was correct. (*Osborn* v. *Osborn, supra,* p. 364.)

■ The general rule is stated in 2 Witkin, Summary of California Law, Real Property, section 53, as follows: "If, at the time of manual tradition, the words and acts of the grantor are plain, and clearly show the intention to pass title, evidence of subsequent acts or declarations is not admissible."

Upon proof of the foregoing facts and proof on the issue of · damages, plaintiff rested. Defendants thereupon offered proof as to their claim of title, as alleged in their answer and cross-complaint.

*Defendants' Case.* On August 26, 1958, nine months after the execution of plaintiff's deed, Horrigan executed and delivered a deed of the same property to defendants. . This deed was retained by the attorney who drew it, Russell Zaches,

and was recorded at his request on January 14, 1960, at 9:15 a.m. (Plaintiff's deed was recorded at 4:45 p.m. on the same day.)

The trial court found that the defendants parted with a valuable consideration for the property, "in that at the time of the execution and delivery of the deed to them they promised to care for and nurse FREDERICK M. HORRIGAN and see that he did not want for the rest of his life."

*Basis of Decision.* The decision against defendants is based on the issue of notice. In order for defendants to prevail, under the circumstances involved herein, they must establish that they had no actual notice of the prior deed to plaintiff at the time of the delivery of the subsequent deed to them.

As stated in *James* v. *James*, 80 Cal.App. 185, 193 [251 P. 666]: "The defendant in this case, basing his claim upon a deed executed and recorded subsequent to the execution and delivery of an unrecorded deed, takes upon himself the burden of showing that the deed accepted by him was received without actual knowledge of the prior unrecorded deed . . ."

In apparent recognition of this well established rule, defendants made the following allegation in their answer: "[T]hat at the time of the delivery of said deed to defendants and to and after the recordation of said deed defendants had no knowledge, actual or constructive, of a prior deed from defendants' grantor to plaintiff; . . ."

The trial court made the following finding on this issue: "That at the time of the execution and delivery of the deed from FREDERICK M. HORRIGAN to defendants and also at the time that the defendants gave said consideration for said deed, defendants had notice of the prior conveyance of the said real property to plaintiff."

This finding resulted from the complete failure of proof by defendants of their allegation that they had no knowledge of the prior deed. Their counsel did ask one witness, Charles McFadden, if he had ever heard of the deed to plaintiff before Horrigan's death and he answered in the negative. However, his lack of knowledge cannot be imputed to defendants. Neither of the defendants personally gave any testimony on the subject and they have never claimed that this silence was inadvertent.

The burden of proving such lack of knowledge was upon the defendants. (*Bell* v. *Pleasant*, 145 Cal. 410, 413 [78

P. 957, 104 Am.St.Rep. 61]; *Hall* v. *Chamberlain,* 31 Cal.2d 673, 676 [192 P.2d 759]; *McLane* v. *Storr,* 75 Cal.App.2d 459, 464 [171 P.2d 534]; *Chapman* v. *Ostergard,* 73 Cal.App. 539, 545 [238 P. 1081].) In the absence of any evidence on the subject, the trial court was correct in making a finding in favor of plaintiff on this point.

In *Bell* v. *Pleasant, supra,* the Supreme Court reversed a judgment in favor of defendants where there was the same absence of evidence, saying: "It is not seriously contended by the defendants that there is any affirmative evidence to the effect that they, or either of them, received their respective deeds without notice of the rights of the plaintiff, and upon an examination of the evidence we find nothing in support of such finding. The claim of the defendants is, that the burden of proof to show notice of plaintiff's right on the part of Solomons and his successive grantees rests on the plaintiff, and that, in the absence of evidence on the subject, the court necessarily made the finding that they took without such notice. In this we think the defendants are mistaken and the court erred. It has been repeatedly decided by this court that where one holding under an unrecorded deed brings an action involving the respective titles to the land against a subsequent grantee under a deed which is first recorded, the first grantee will prevail, unless the second grantee not only shows the making and recording of his deed, but also that he made his purchase and paid the price in good faith, and without knowledge of the rights of the previous grantee." (Pp. 412-413.) "A subsequent deed by the grantor to another person does not of its own force convey any title, for the grantor, having previously parted with his title, has left in himself nothing to convey and his deed alone can therefore convey nothing. It can only be effective, as against the first grantee, when supplemented by proof that it was first recorded, and that the grantee therein named purchased for value and without notice of the prior deed, or of the rights of the first grantee. This, also, is an attempt to change a legal condition; *the necessary facts cannot be presumed in favor of the second grantee, and hence the burden is on him to make the supplementary proof.* . . . They, in fact, apply the same principle as the many decisions above cited holding that in a suit between a prior grantee under an unrecorded deed and a second grantee whose deed is first recorded the burden is upon the second grantee to prove that he purchased without notice of the other's rights and for a valuable consideration. *It fol-*

*lows that, in the absence of any evidence on the subject, the finding should have been in favor of plaintiff on this point."* (Italics ours.) (Pp. 415-416.)

 *Damages.* The second count of plaintiff's complaint alleges a cause of action in ejectment and the judgment includes an award of damages for the withholding of possession by defendants. These damages are computed at $3.50 per day from the date of Horrigan's death, such amount being found by the court to be the reasonable rental value of the subject property.

Defendants contend that damages should have been limited to $500, stating that, "the plaintiff's complaint does allege that the rental value of the property was $3.50 per day but [it] also alleges that the plaintiff was damaged in the sum of $500.00 and does not pray for more."

This statement is inaccurate. Paragraph II of plaintiff's second cause of action alleges general damages of $500 for the withholding of possession by defendants. Paragraph III thereof alleges that "the value of the rents and profits" from January 14, 1960, "is the sum of $3.50 per day." The prayer of the complaint also separates these two items of damages, as follows: "3) For the sum of $500.00 damages for the withholding thereof; 4) For the sum of $3.50 per day as the value of the rents and profits thereof; from January 14, 1960 to date of judgment herein; . . ."

No recovery was allowed for general damages. The court found that "the reasonable rental value of said real property" was the sum of $3.50 per day and allowed that amount "for each day from January 13, 1960." This was in response to the issue as separately pleaded in both the body and prayer of the complaint. There is no merit to the contention that the trial court was limited to the sum of $500 in awarding damages for loss of rentals.

 Next, defendants point out that the "Pre-trial Conference Order does not include damages or rental value as an issue" and that the effect thereof is to eliminate such issue from the case. (*County of Kings* v. *Scott,* 190 Cal.App.2d 218, 225 [11 Cal.Rptr. 893]; *Dell'Orto* v. *Dell'Orto,* 166 Cal. App.2d 825, 829-831 [334 P.2d 97].)

Nevertheless, plaintiff, defendants, and the trial court all treated it as an issue in dispute at the trial. Plaintiff was the only witness who testified as to rental value and her figure was $115 per month. No objection to this testimony

was made at any time by defendants on the ground that rental value was no longer an issue in the case. The *sole* objection made by defendants' counsel to plaintiff's testimony as to rental value was stated as follows: "I will object to the question as calling for an opinion of the witness. . . . It is my position that it is calling for an opinion of a person who is not qualified to give an opinion." The colloquy that followed, between the court and counsel, clearly indicates that the case was tried upon the theory that rental value was an issue to be determined by the trial court in the event plaintiff was determined to be the owner of the property.

Defendants' failure to object to testimony as to rental value on the ground that it did not pertain to any issue before the court constitutes a waiver of such objection. ▮▮▮ As stated in *Collison* v. *Thomas,* 55 Cal.2d 490, 498 [11 Cal.Rptr. 555, 360 P.2d 51] : " 'A party cannot permit an issue to be litgated and on appeal escape the consequences by claiming that such issue was not pleaded.' [Citations.] While the pretrial order now frames the issues remaining in dispute [citation] and in this respect supersedes the pleading [citation], the quoted rule should be equally applicable however the issues are framed." (See also: *Vesci* v. *Ingrim,* 190 Cal. App.2d 419, 424 [11 Cal.Rptr. 830].)

The soundness of this principle is manifest in this case. The trial proceedings clearly show that plaintiff never intended to abandon her claim for damages nor did the defendants ever make any contention during the trial that she had. If the objection now urged by defendants had been made at the trial, the matter could have been disposed of very readily.

In *Atkins* v. *Atkins,* 177 Cal.App.2d 207 [2 Cal.Rptr. 104], respondents (plaintiffs) were permitted to amend their complaint by adding thereto an additional cause of action to conform to the proof at the trial. Appellant objected on the ground that such amendment raised an issue not included in the pretrial conference order. The amendment was held to be proper, the appellate court stating, at page 211: "We do not believe that it was intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. Justice may sometimes require that the effect of a pretrial order be not so restrictive even when the order is not modified."

Here, it is evident that the trial court would have allowed a similar amendment to the complaint had the objection now

made by defendants been made at the trial. This is demonstrated by its express finding on rental value and the allowance thereof in the judgment, despite its awareness of the point under discussion.

In fact, the defendants never mentioned the point until the trial court did so in its "Memorandum Decision." Then defendants included it in their objections to the findings proposed by plaintiff, stating that, "as pointed out by the Court in the Memorandum Decision, rental value and damage was not listed as an issue in the Pre-Trial Order."

The final point made by defendants is that plaintiff was not competent to testify as to rental value.

The rule is well established that an owner is competent to testify as to the value of his property, both real and personal. (19 Cal.Jur.2d, Evidence, § 373.) This rule extends to testimony as to the rental value of such property. (*Locatelli* v. *Haskell*, 152 Cal.App.2d 206 [312 P.2d 735].) " [I]t is generally held that the owner of realty is competent to testify as to its value; . . . The rule extends to receiving the statement of the owner as to the value of the right to use the property." (32 C.J.S., Evidence, § 545 subd. d.)

In addition to being the owner, as judicially confirmed herein, plaintiff had lived directly across the street from the subject property for the past 25 years and testified that she was familiar with the properties in that area. Her testimony that the rental value of the property was $115 per month was not controverted. Neither was her opinion that the value of the property was $12,000 or $13,000. The trial court's finding that the reasonable rental value was $3.50 per day is supported by the record. It may be noted that this represents a gross income of approximately 10 per cent of the value of the realty.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.