Filed 12/18/14 (on rehearing)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HELEN LIN, | B248848 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. EC058565) |
| v. | |
| MIREYA B. CORONADO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of the County of Los Angeles, Donna F. Goldstein, Judge. Affirmed.

Kaladjian Law Office, Hrair Kaladjian for Plaintiff and Appellant.

Anderson, McPharlin & Conners, Jesse S. Hernandez, Vanessa H. Widener for Defendants and Respondents.

## INTRODUCTION

Plaintiff Helen Lin (Lin) appeals from a judgment entered on an order sustaining a demurrer without leave to amend in favor of defendant Mireya B. Coronado (Coronado). In her operative first amended complaint, Lin alleges she "pooled" her $150,000 with $100,000 provided by River Forest Financial LLC (River Forest) and Elevation Investments LLC (Elevation) "in partnership for the purchase" of a residential property (the property) at a foreclosure auction for the purchase price of $250,000.

The original version of the trustee's deed for the property specified that River Forest had a 75 percent interest in the property and Elevation had a 25 percent ownership interest in the property, but Lin was named on that version of the deed as a grantee without any stated percentage interest in the property. Lin alleges that the trustee's deed that was executed and recorded omitted Lin's name, which name had been included in the unrecorded, original trustee's deed; River Forest subsequently quitclaimed the property to Elevation; and without Lin's knowledge, Elevation then sold the property to Coronado. Lin claims that the alteration of the original deed renders it void, giving a transferee such as Coronado no interest in the property. As a result, Lin, in her cause of action against Coronado, seeks to quiet title to the property.

In affirming, we hold that the alteration of the deed to omit Lin's name was not material because the original version of the deed showed she had no interest in the property. Thus, Coronado, as a purchaser, has title to the property.

## BACKGROUND

Lin filed a first amended complaint against Coronado, Elevation, and Cal-Western Reconveyance Corporation (Cal-Western).[1] The trial court sustained a demurrer without

---

[1] River Forest and Gene Kucherov, a general partner of Elevation, were added as doe defendants.

2

leave to amend as to the quiet title cause of action against Coronado, and a judgment in favor of Coronado was entered.

Lin alleges in her first amended complaint as follows: Lin obtained a cashier's check for $150,000 that she "pooled" with $100,000 provided by River Forest and Elevation "in partnership" to purchase the property at a foreclosure auction. A "declaration of trustee's sale confirmed her Purchase Money investment in the Subject Property," and Cal-Western, the trustee for the property, accepted her cashier's check and endorsed it. A trustee's deed prior to recording was sent to Kucherov. That deed provided "Cal-Western Reconveyance Corporation (herein called trustee) does hereby grant and convey, but without covenant or warranty, express or implied to RIVER FOREST FINANCIAL LLC 75%, ELEVATION INVESTMENTS 25% HELEN LIN." The altered trustee's deed that was executed and recorded stated, "CAL-WESTERN RECONVEYANCE CORPORATION (herein called trustee) does hereby grant and convey, but without covenant or warranty, express or implied, to RIVER FOREST FINANCIAL LLC 75%, ELEVATION INVESTMENTS 25% (herein called Grantee)"— thus omitting Lin's name. The trustee's deed was returned to River Forest. Lin did not know about the omission of her name from the trustee's deed. River Forest then, without Lin's knowledge, executed and recorded a quitclaim deed in the property in favor of Elevation. Elevation then sold the property to Coronado. Several years later Cal-Western provided Lin with documents concerning the foreclosure sale. Those documents consisted of a Declaration of Trustee's Sale (which Kucherov signed as a witness) that specified that the highest bid for the property was $250,000, and that the property vested in "River Forest Financial LLC 75%, Elevation Investments 25% Helen Lin."

In the quiet title cause of action against Coronado, Lin alleged that "her name was erased off of the Trustee's Deed" that was then recorded. Lin's allegations in a fraud cause of action against Elevation, Kucherov, and River Forest—not against Coronado— were not incorporated into the quiet title cause of action against Coronado. In that fraud cause of action, Lin alleged that Elevation, Kucherov, and River Forest knew that Lin was a partner in the purchase of the property and caused to be provided to her a

3

"Declaration of Trustee's Sale" at the time of the sale that represented to Lin she was a co-purchaser, although the document shows her receiving no percentage of the property, and that River Forest, Kucherov, and Elevation, without Lin's knowledge, "erased or caused to be erased" her name off of the trustee's deed prior to its recording. Lin did not allege any facts in her first amended complaint suggesting Coronado was not a bona fide purchaser for value of the property. Lin's quiet title claim against Coronado is based on the invalidity of the deed because of the alteration and is not based on alleged other acts of the other defendants to deprive Lin of her share of the property and its proceeds. There were other causes of action against defendants other than Coronado.

Coronado filed a demurrer and motion to strike as to the first amended complaint. Coronado asserted in her demurrer that Lin never had any recorded interest in the property, Coronado was a bona fide purchaser for value, and the claim arising out of an allegedly altered deed was barred by "the statute of limitations." (Civ. Code, § 1207.) Lin responded that Coronado never held legal title to the property because her deed was forged or altered before recording and was therefore void, Lin's interest did not have to be recorded, and Civil Code section 1207 related to notice to subsequent purchasers—not to a prior purchaser such as Lin.

The trial court overruled the demurrer and granted the motion to strike the prayer for attorney fees. Several months later, the trial court on its own motion decided to reconsider its ruling on Coronado's demurrer and requested further briefing on several questions. In one of its questions, the trial court stated, in effect, that it assumed that Coronado was a bona fide purchaser for value. The parties filed further briefs. Lin did not question or argue that Coronado was not a bona fide purchaser for value, but rather argued that the deed was void. After a hearing,[2] the trial court sustained Coronado's

---

[2]    There is no transcript of the hearing. Both parties agree that in this case, in which the appeal is from the sustaining of a demurrer, a reporter's transcript or agreed on settled statement is not necessary. (See *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699.) The decision not to grant leave to amend may require a reporter's transcript or an agreed or settlement statement. (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.) In any event, we determine that Lin cannot amend.

4

demurrer without leave to amend, and judgment was entered in favor of Coronado.[3] Lin timely appealed the judgment in favor of Coronado.

## DISCUSSION

### A.       Standard of Review

On appeal from a judgment after an order sustaining a demurrer, our standard of review is de novo. We exercise our independent judgment about whether, as a matter of law, the complaint states facts sufficient to state a cause of action. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; *Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439-440.) We view a demurrer as admitting all material facts properly pleaded but not contentions, deductions, or conclusions of fact or law. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.) When the demurrer is sustained without leave to amend, we determine whether there is a reasonable possibility that the defect can be cured by amendment. If it can, we reverse on the ground that the trial court abused its discretion. (*City of Dinuba v. County of Tulare* (2007) 41 Cal.4th 859, 865; *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If a complaint is insufficient on any ground set forth in the demurrer, we uphold the order sustaining the demurrer even if that ground was not the ground relied upon by the trial court. (*Stearn v. County of San Bernardino, supra,* 170 Cal.App.4th at p. 440.) If there are sufficient facts pled or that can be inferred reasonably to state a cause of action under any theory, the demurrer must be overruled. (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 525.)

---

[3]       There have been proceedings against other defendants not relevant to this appeal. By stipulation, Cal-Western is bound by the trial court's ruling relating to the deed of trust and Trustee's Deed Upon Sale, but will not be subject to any monetary award.

## B.     Quiet Title

### 1.     Contentions

On appeal, Lin relies upon an alleged alteration of the original version of the trustee's deed, arguing that the recorded deed is void and therefore could not have provided good title, even to a bona fide purchaser for value. Coronado argues that even if prior to recording, Lin's name was removed from the original trustee's deed, which removal appears to have occurred, that original deed showed River Forest and Elevation with a 100 percent interest in the property and no interest for Lin. Thus, River Forest and Elevation had 100 percent of the ownership of the property, and ultimately Elevation had 100 percent ownership of the property, which it sold to Coronado.

Lin argues that the trustee accepted her cashier's check and endorsed it. She contends, in essence, that because the deed was forged or altered before recordation, it was void *ab initio* and any subsequent deed, such as the one to Coronado, would not provide protection to one who is a bona fide purchaser for value. Lin suggests that she was still referred to on the trustee's deed before alteration as a cotenant, albeit with no indication of the percentage of her ownership. She further argues that if there is an ambiguity in the trustee's deed, that is a matter that should not be resolved by a demurrer. In the trial court, she said the 75/25 percent split was only as to the interests of River Forest and Elevation and not as to the 100 percent of the property; she asserted her interest in the property matched the $150,000 she contributed as part of the $250,000 purchase price. She therefore contends that the trial court should have reformed the trustee's deed, even though she had not sought reformation in the first amended complaint. She did, however, argue before the trial court that there should be a reformation of the deed.

Lin's claim is that her "partners" took her money, invested it in the property, and failed to make her a co-owner of the property or pay her the proceeds of the sale. According to Coronado, even if there was a breach of an obligation or duty by Lin's partners, Lin never had any title or legal interest in the property.

6

Lin does not allege that Coronado did not acquire her interest in the property in good faith, for fair value, and with no notice of a prior interest, which factors would make Coronado a bona fide purchaser for value. (See 5 Miller & Starr, Cal. Real Estate (3d ed. 2009) § 11:50, p. 11-170 (5 Miller & Starr.) According to Coronado, as a bona fide purchaser for value, her legal interest or title that is recorded takes priority over any equitable interest in the property that Lin might have. (*Id.* at p. 11-173.) Lin argues for the first time on appeal that because she did not allege Coronado was a bona fide purchaser for value, the trial court improperly assumed that Coronado was such a bona fide purchaser for value.

### 2. *Analysis*

Authorities indicate that when a deed is altered or changed by someone other than the grantor before it is delivered or recorded, and the alteration is without the grantor's knowledge or consent, the deed is void and no title vests in the grantee or subsequent purchasers, even bona fide purchasers for value; and if the deed is altered by the grantee after delivery but before recordation, the deed is void and conveys no title to the grantee. (See 3 Miller & Starr, Cal. Real Estate (3d ed. 2011) § 8:53, p. 8-145 (3 Miller & Starr); *Montgomery v. Bank of America* (1948) 85 Cal.App.2d 559, 563.)[4] Lin alleges the deed was altered before recording.

Lin, in the third cause of action for quiet title against Coronado, does not allege precisely who altered the deed—even though in other causes of actions she alleges that Kucherov, Elevation, and River Forest did so. The identity of the one altering the deed may be significant. (See, e.g., *Osterberg v. Osterberg* (1945) 68 Cal.App.2d 254, 261; see also 3 Miller & Starr, *supra,* § 8:53, pp. 8-146 to 8-147; 5 Miller & Starr, *supra,*

---

[4]    "[A]n altered document is a defect in the record title insured by most standard policies because typically there are no exclusions or exceptions in the policy for altered documents." (3 Miller & Starr, *supra*, § 7:54, p. 7-160).

§ 11:72, p. 11-227.)[5] One reasonably can infer that the grantor did not alter the deed because attached to Lin's first amended complaint is correspondence provided by the grantor, Cal-Western, which correspondence indicates that Cal-Western transmitted the deed that included Lin's name to Elevation and to the mortgage company for reconveyance, and that Cal-Western apparently did not have or transmit the altered deed.

Coronado contends Lin cannot prevail because any recorded document with a "defect, omission, or informality in the execution" "imparts notice of its contents to subsequent purchasers" as altered one year after such recording. (Civ. Code, § 1207.) Miller & Starr states, "Any defect in title resulting from the alteration of a recorded document is 'cured' and the instrument imparts constructive notice *as altered* one year after it has been recorded." (5 Miller & Starr, *supra,* § 11:72, p. 11-227.) Lin asserts Civil Code section 1207 does not bar a claim by someone like her who is not the purchaser, but rather an alleged prior owner.[6]

Regardless of who altered the deed and whether or not Civil Code section 1207 applies, Lin cannot state a cause of action to quiet title because the alleged alteration of the deed was, as a matter of law, not material. A prominent treatise states, "The early common law following the rule of *Pigot's Case* [(1614) 77 Eng. Rep. 1177], was that any alteration, however insignificant, after a deed had been executed and delivered, rendered the instrument void. Now, however, except apparently in two states and except as otherwise provided by statute, the modern rule is that the only alterations which will affect the validity of an instrument are those which are material; that is, alterations which

---

[5] The alteration of the original deed after delivery by someone other than a grantee would not divest the grantees of their rights in the property. (See 3 Miller & Starr, *supra,* § 8:53, p. 8-146.)

[6] An invalid document does not become valid because of recording. "The purpose of recording is to impart constructive notice and to protect innocent purchasers and encumbrancers of property by giving notice of potential limitations on title. Recording itself does not grant an interest in property, and a void document 'derives no validity from the mere fact it is recorded.'" (5 Miller & Starr, *supra,* § 11:8, pp. 11-52 to 11-53, fn. omitted.)

8

change the legal effect of the instrument." (III American Law of Property (2nd printing 1974) § 12.85, p. 365, fns. omitted; see *Id.* at § 12.43, pp. 287-288**;** *Bumb v. Bennett* (1958) 51 Cal.2d 294, 303; *Lee v. Lee* (2009) 175 Cal.App.4th 1553, 1557; see also 30 Williston on Contracts (4th ed. 2004) § 75:20, p. 69, § 75:22, pp. 80-82 (Williston); 1 Patton and Palomar on Land Titles (3d ed. 2013) § 83, pp. 269-272 [correction instrument]; 3 Schwing, Cal. Affirmative Defenses (2014 ed.) § 66.5, pp. 441-444; 4 Tiffany, The Law of Real Property (3d ed. 1975) § 989, p. 176; Rest.2d Contracts, § 286, com. a, p. 397; *Walsh v. Hunt* (1898) 120 Cal. 46, 53.) Such immaterial changes include "any change necessary to make an instrument conform to the intention of the parties and to correct a clerical mistake in the drafting." (III American Law of Property, *supra,* § 12.85, p. 366.)[7] "The test for determining the materiality of an alteration is not whether the liability of either of the parties is increased or decreased or reduced as a result but whether the instrument has the same legal effect after the alteration as it had before." (30 Williston on Contracts, *supra,* § 75:23, p. 83; see also Patton and Palomar on Land Titles, *supra,* § 83, p. 271 ["An alteration is material if it changes the legal affect [*sic*] of the instrument or the rights and liabilities of the parties"]; *Bumb v. Bennett, supra*, 51 Cal.2d at pp. 303-304 [alteration "with a view to increase the benefit which he may take under it"]; Rest.2d Contracts, § 286, com. b, p. 397.)[8]

Lin alleges that her "sole identification of the Subject Property and her reliance of confirmation of her purchase investment was based on the Declaration of Sale." That "declaration" specifies that River Forest was obtaining a 75 percent interest in the

---

[7] Notwithstanding the state of the law, the authority comments that allowing nonmaterial changes is a "dangerous method of reformation" that "usually leaves open the debatable question as to whether the alteration makes the instrument conform to the intention of all parties or merely to that of the one who makes the change." (III American Law of Property, *supra,* § 12.85, p. 366.)

[8] Compare 3 Schwing, Cal. Affirmative Defenses, *supra,* § 66:5, p. 444 [Generally, "[w]hether a particular alteration is material is a question of fact . . ."] with 30 Williston, *supra,* § 75:30, pp. 108-111 [whether an alteration of an instrument is material is a question of law].

9

property, Elevation was obtaining a 25 percent interest in the property, and Lin was identified, but with no percentage interest in the property. There is no ambiguity as to the ownership percentages. Evidence of an intent by the grantor to grant different percentages would only be relevant in a cause of action for reformation. (See *Carman v. Athearn* (1947) 77 Cal.App.2d 585, 596 ["Ambiguity has nothing to do with the question as to the right to grant reformation"].) Moreover, plaintiff did not allege any facts concerning the grantor's intent.[9]

As the original deed and the Declaration of Trustee's Sale show, Lin had a no percentage interest in the property. Therefore, leaving her name off the recorded deed to reflect that fact had no legal effect. The alteration was not sufficiently material to render the deed void. Accordingly, Coronado, a transferee of the 100 percent interest in the property held by Elevation after River Forest's quitclaim of the property to Elevation, has legal title to the property. Based on the allegations of the first amended complaint, Lin has not stated sufficient facts to constitute a quiet title action.

Lin now contends that she should have the opportunity to reform the deed to reflect her interest. Conceivably, she might be able to do this if the deed were void. (See 3 Miller & Starr, *supra*, § 8:53, p. 8-145.) [When there is a void deed, "grantor can reform or rescind the deed against a bona fide purchaser."] But Lin has not specifically contended she could reform the deed if it were not void. Moreover, Civil Code section 3399 provides for reformation "so far as it can be done without prejudice to rights acquired by third persons in good faith and for value." (See *Baines v. Zuieback* (1948) 84 Cal.App.2d 483, 491.) There is no allegation that Coronado did not purchase the property in good faith and for value. Thus, it does not appear that reformation is now available to Lin. Because the alteration was, as a matter of law, not material, and Lin cannot now reform the deed in order to quiet title, she cannot amend the first amended

---

[9] In another cause of action, plaintiff alleged that the grantor, Cal Western, was negligent and breached a duty to plaintiff—not by what was in the deed—but by not sending it to plaintiff.

complaint to state a cause of action to quiet title on that basis.  Lin has not proposed  any other ground on which she would amend the first amended complaint.

Lin asserts that the trial court improperly assumed that Coronado was a bona fide purchaser for value.  It does appear that the burden is on the purchaser to establish that he, she, or it is a bona fide purchaser for value as against a prior party who claims a legal, as opposed to an equitable, interest in a property.  (See 5 Miller & Starr, *supra,* § 11:51, p. 11-179; *Bell v. Pleasant* (1904) 145 Cal. 410, 412-414; *First Fidelity Thrift & Loan Assn. v. Alliance Bank* (1998) 60 Cal.App.4th 1433, 1442; *Hodges v. Lochhead* (1963) 217 Cal.App.2d 199, 203-204.)[10]  Lin never questioned before the trial court its assumption that Coronado was a good faith purchaser for value.  We do not have to deal with Lin's argument concerning the question of the trial court's assumption because Lin's claim is not based on whether Coronado was a bona fide purchaser for value, but rather is based on the contention that the deed is void.  Coronado's status is irrelevant because if the deed were void, it would be void as to a bona fide purchaser for value.  We conclude it was not void.

Lin's alleged entitlement to her share of the proceeds from the sale of the property to Coronado is the subject of her claims against her "partners," who allegedly took her money to invest in the property, but failed to ensure that she had a recordable interest in the property or a legal interest in the proceeds from the sale of the property.

---

[10]     Coronado asserts that Lin is claiming equitable title.  Whether equitable title is even a sufficient basis for a quiet title action is a complicated subject (see 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 667, pp. 93-94), but that issue was not raised in the trial court or on appeal by the parties.

11

## DISPOSITION

The judgment is affirmed.  Coronado is awarded her costs on appeal.

**CERTIFIED FOR PUBLICATION**

MOSK, Acting P. J.

We concur:

KRIEGLER, J.

GOODMAN, J.[*]

---

[*]    Judge of the Superior Court of the County of Los Angeles, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.