Filed 8/22/16  Liun v. River Forest Financial CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| HELEN LIN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RIVER FOREST FINANCIAL, LLC,<br><br>    Defendant and Respondent. | B267167<br><br>(Los Angeles County<br>Super. Ct. No. EC058565 ) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Reversed and remanded with directions.

Kaladjian Law Office, Hrair Kaladjian, for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Plaintiff and appellant Helen Lin appeals from a judgment of dismissal following an order sustaining a demurrer without leave to amend in favor of defendant River Forest Financial LLC (River Forest) in this action for real estate investment fraud.[1]  On appeal, Lin contends her third amended complaint states causes of action for fraud and constructive fraud.  We agree, and therefore, we reverse with directions.

**FACTS**

In November 2008, Lin's friend Grace Hu said she had been investing with partners to purchase property at foreclosure auctions.  She recommended Lin invest with them, too.  Hu offered to act as an intermediary between her partners and Lin.  At Lin's office, Hu said if Lin invested $150,000 with these partners to purchase property at foreclosure, the partners would maintain the property, pay the taxes, and perform all the necessary legal work to evict existing tenants or owners.  Once the property was sold, after deducting any maintenance costs or taxes advanced on Lin's behalf, the remaining profit would be split by the partners.  Hu said she had entered into similar arrangements with the same investors and profited from sales.

On November 18, 2008, Hu called Lin and said to purchase a cashier's check for an upcoming foreclosure auction to buy property with the partners.  She instructed Lin to make the cashier's check payable to Lin or Hu's employee David Chung in the amount of $150,000.  Lin purchased a cashier's check in her own name in the amount of $150,000, and provided it to Hu.

A foreclosure auction was held on November 26, 2008.  Gene Kucherov is a managing agent and partner of both River Forest and Elevation Investments LLC.  Kucherov purchased a property at the auction for $250,000, which he paid for with Lin's cashier's check and $100,000 provided by a partnership of River Forest and Elevation.  Lin did not attend the auction.  The trustee, Cal-Western Reconveyance Corporation,

---

[1] No respondent's brief has been filed on appeal.

accepted and endorsed Lin's cashier's check for the purchase.

Kucherov provided information to Cal-Western to complete a declaration of trustee's sale. The declaration provided the trustee's sale number, but did not state the property's address. The declaration stated that the property was sold to Kucherov and vested as follows: "River Forest Financial 75%, Elevation Investments 25%, Helen Lin[.]" The declaration was executed by Cal-Western and witnessed by Kucherov.

Chung called Lin to tell her that a property had been successfully purchased at the foreclosure auction. The trustee gave the declaration of trustee's sale to Chung, who kept it at Hu's office. Hu and Chung believed the vesting information on the declaration showed Lin had an interest in the property and confirmed Lin's purchase of the property with partners, which is what they told her.

On November 29, 2008, the trustee provided a deed to Kucherov with instructions for recording. In the trustee's deed, the trustee granted and conveyed the property to the following grantees: on one line, it listed "RIVER FOREST FINANCIAL LLC 75%, ELEVATION INVESTMENTS 25%" and on a second line it listed "HELEN LIN[.]"

Kucherov erased Lin's name from the trustee's deed and recorded it on December 30, 2008. River Forest executed a quitclaim deed relinquishing its interest in the property to Elevation, which was recorded on January 6, 2009.

On February 24, 2009, Elevation sold the property to Mireya Coronado. Kucherov executed the grant deed as general partner of Elevation to convey the property to Coronado. The grant deed was recorded on March 26, 2009.

In April of each year from 2009 to 2012, Lin called Hu and inquired about the status of the property. Hu confirmed that she had spoken with the investment partners, who said Lin would recoup her investment upon the sale of the property, and that the property was being maintained by the purchasing partners until an economic recovery, when the property could be sold.

In May 2012, Hu told Lin that she had learned the address of the property and discovered it had been sold. Chung and Hu gave the declaration of trustee's sale to Lin. Lin believed the vesting information provided in the declaration showed she had an

3

interest in the property. Lin and Hu brought the declaration of trustee's sale to an attorney, who did not realize the document was in Hu's possession until May 2012. In May 2012, Lin obtained a copy of the recorded trustee's deed and discovered her name had been omitted. On July 23, 2012, Cal-Western provided documents showing the trustee's deed that Cal-Western prepared and provided to Kucherov for recording had included Lin's name as a grantee.

Kucherov, Elevation and River Forest, ratified Hu's representations to Lin, because they knew of Hu's relationship with Lin, accepted Lin's cashier's check through Hu, and benefitted financially. Hu's representations were false, which the defendants knew were false, because they intended to defraud Lin and sell the property without payment to Lin, while continuing to represent that the property had not been sold. Lin reasonably relied on Hu's representations, as a long-time trusted friend who said she had done similar business transactions with these partners in the past.

## PROCEDURAL BACKGROUND

Lin filed a complaint on May 29, 2012. She filed an amended complaint for quiet title against Coronado, for fraud and constructive fraud against Elevation, and for negligence against Cal-Western. She added Kucherov and River Forest in place of Doe defendants. The trial court sustained a demurrer without leave to amend as to the quiet title cause of action against Coronado. Judgment was entered in favor of Coronado. Lin appealed. On December 18, 2014, this appellate court affirmed the judgment in favor of Coronado on the cause of action for quiet title. (*Lin v. Coronado* (2014) 232 Cal.App.4th 696, 698.)

Lin filed the operative third amended complaint on March 12, 2015, alleging causes of action against Kucherov, River Forest, and Elevation, for fraud and constructive fraud. River Forest filed a demurrer on the ground that the complaint failed to plead fraud with particularity. Lin opposed the demurrer. The trial court sustained the demurrer without leave to amend on the ground that Lin had failed to allege fraud with

particularity. The trial court entered a judgment of dismissal as to River Forest on August 7, 2015. Lin filed a timely notice of appeal from the judgment in favor of River Forest.

## DISCUSSION

### Standard of Review

"We independently review the ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context." (*Fremont Indemnity Co. v. Fremont General Corp.* (2007) 148 Cal.App.4th 97, 111.)

### Pleading Requirements for Fraud

Lin contends the complaint states causes of action against River Forest for fraud and constructive fraud. After de novo review, we conclude the allegations of the complaint are sufficient to state causes of action for fraud based directly on Kucherov's conduct, as well as based on theories of agency and ratification related to Hu's representations, and for constructive fraud.

"The elements of a cause of action for fraud are well established and not in dispute: (1) a misrepresentation or actionable concealment of fact; (2) knowledge of falsity or the duty of disclosure; (3) intent to defraud or induce reliance; and (4) actual reliance by the plaintiff. [Citations.] The plaintiff must allege and prove that he actually relied upon the misrepresentations, and that in the absence of fraud, would not have entered into the contract or other transaction. [Citation.]" (*The MEGA Life & Health Ins.*

5

*Co. v. Superior Court* (2009) 172 Cal.App.4th 1522, 1530.)

"'In California, fraud must be pled specifically; general and conclusory allegations do not suffice. [Citations.] "Thus '"the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect."'' [Citation.] [¶] This particularity requirement necessitates pleading *facts* which 'show how, when, where, to whom, and by what means the representations were tendered.'''' [Citation.]" (*Tenet Healthsystem Desert, Inc. v. Blue Cross of California* (2016) 245 Cal.App.4th 821, 837-38.)

There are exceptions to the specificity requirement, however. (*Committee On Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 217 (*Committee*).) "Less specificity is required when 'it appears from the nature of the allegations that the defendant must necessarily possess full information concerning the facts of the controversy,' [citation]; '[e]ven under the strict rules of common law pleading, one of the canons was that less particularity is required when the facts lie more in the knowledge of the opposite party . . . .' [Citation.]" (*Ibid*.)

"[T]he defendant will not escape liability if he makes a misrepresentation to one person *intending* that it be repeated and acted upon by the plaintiff. [Citations.]" (*Geernaert v. Mitchell* (1995) 31 Cal.App.4th 601, 605.) "Restatement Second of Torts, section 533, states that '[t]he maker of a fraudulent misrepresentation is subject to liability . . . to another who acts in justifiable reliance upon it if the misrepresentation, although not made directly to the other, is made to a third person and the maker intends or has reason to expect that its terms will be repeated or its substance communicated to the other, and that it will influence his conduct.'" (*Committee*, *supra*, 35 Cal.3d at p. 219.)

In addition, "a cause of action based in fraud may arise from *conduct* that is designed to mislead, and not only from verbal or written statements. (See *Thrifty–Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1567 ['A misrepresentation need not be oral; it may be implied by conduct.']; *Universal By–Products, Inc. v. City of Modesto* (1974) 43 Cal.App.3d 145, 151 ['A misrepresentation need not be express but may be implied by

6

or inferred from the circumstances.']).)" (*Tenet Healthsystem Desert, Inc. v. Blue Cross of California*, *supra*, 245 Cal.App.4th at p. 839.)

In this case, the allegations are sufficient to state a cause of action for fraud against River Forest based directly on the acts of its agent Kucherov. Kucherov conducted the investment transaction with Lin through an intermediary, so Kucherov necessarily possesses greater knowledge than Lin about specific representations he made to the intermediary to induce investments. However, Kucherov's representations can be inferred from his conduct and the circumstances of the purchase transaction. Kucherov accepted and used Lin's funds to purchase property. Kucherov told the trustee at the foreclosure auction that Lin was a grantee who had an interest in the property, along with River Forest and Elevation. It can be inferred from these circumstances that Kucherov agreed on behalf of River Forest to invest in property with Lin. But Kucherov did not accurately reflect Lin's interest in the documentation. Kucherov altered the grantees listed on the deed by removing Lin's name before recording the deed. It can be inferred from these circumstances that the representations about the investment arrangement were false. The property was sold to a third party, but none of the proceeds were paid to Lin. In fact, the defendants reported for several years that the partners were maintaining the property and had not sold it. These allegations are sufficient to state a cause of action for fraud against River Forest based on Kucherov's actions.

We note that the allegations are also sufficient to state a cause of action for fraud against River Forest based on Hu's representations to Lin as an agent of River Forest and River Forest's ratification of her representations. The complaint alleges that Hu made representations to Lin as an agent of River Forest. "An allegation of agency is an allegation of ultimate fact that must be accepted as true for purposes of ruling on a demurrer. [Citation.]" (*City of Industry v. City of Fillmore* (2011) 198 Cal.App.4th 191, 212.)

"An agency is either actual or ostensible." (Civ. Code, § 2298.) Actual agency requires the principal to designate in some way that the agent acts for the principal, and the agent to agree to act on the principal's behalf and subject to the principal's control.

7

(*UFCW & Employers Benefit Trust v. Sutter Health* (2015) 241 Cal.App.4th 909, 931.) An agency relationship can be created by written authorization, oral consent, or by implication from the parties' conduct. (*Flores v. Evergreen at San Diego, LLC* (2007) 148 Cal.App.4th 581, 587.) However, words or conduct by both the principal and the agent are required to form an agency relationship. (*Id.* at pp. 587-588.)

"Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, § 2317.) "Ostensible authority must be established through the acts or declarations of the principal and not the acts or declarations of the agent. [Citation.] However, the doctrine of ostensible authority extends to subagents; hence the principal is similarly liable to third persons for representations made by subagents. [Citation.] Also, where the principal knows that the agent holds himself out as clothed with certain authority, and remains silent, such conduct on the part of the principal may give rise to liability. [Citation.]" (*Preis v. American Indemnity Co.* (1990) 220 Cal.App.3d 752, 761.)

An actual agency may be created by ratification. (Civ. Code, § 2307; *van't Rood v. County of Santa Clara* (2003) 113 Cal.App.4th 549, 571.) Even if an agent, at the time of the doing of an act, is without actual or ostensible authority, "the act may be rendered valid and binding on the principal, as of the time the unauthorized act was done, if the principal ratifies and thus gives effect to it." (3 Witkin, Summary of Cal. Law (10th ed. 2005) Agency and Employment, § 139, p. 184.)

"The liability of the principal for torts of the agent or employee is not always based upon the doctrine of respondeat superior. In fraud cases, a principal may be liable where he intentionally misinforms or withholds information from the agent and the agent thereupon innocently misrepresents. (Rest.2d, Agency, § 256; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Agency and Employment, § 153, p. 753.)" (*Barrett v. Bank of America* (1986) 183 Cal.App.3d 1362, 1370.)

In this case, Lin has alleged a cause of action for fraud against River Forest based on Hu's representations as an agent of River Forest, and River Forest's ratification of her representations. The complaint alleges that Hu acted as an actual or ostensible agent of

8

River Forest when she made representations to Lin about purchasing property in partnership with River Forest. River Forest knew that the representations Hu made were false, and River Forest ratified Hu's representations by entering into the transaction with Lin. These allegations were sufficient at the pleading stage to state a cause of action against River Forest based on Hu's representations. Therefore, in addition to the cause of action for fraud based on Kucherov's actions, the complaint states a cause of action for fraud based on Hu's representations.

The complaint also states a cause of action for constructive fraud. "Constructive fraud '''''is a unique species of fraud applicable only to a fiduciary or confidential relationship.''''''" (*Michel v. Moore & Associates, Inc.* (2007) 156 Cal.App.4th 756, 763.) 'Constructive fraud "arises on a breach of duty by one in a confidential or fiduciary relationship to another which induces justifiable reliance by the latter to his prejudice." [Citation.] Actual reliance and causation of injury must be shown. [Citation.]' (*Tyler v. Children's Home Society* (1994) 29 Cal.App.4th 511, 548, italics omitted; see also *Younan v. Equifax Inc.* (1980) 111 Cal.App.3d 498, 516, fn. 14, [elements of constructive fraud cause of action are '(1) a fiduciary or confidential relationship; (2) nondisclosure (breach of fiduciary duty); (3) intent to deceive, and (4) reliance and resulting injury (causation)'].) '''"In its generic sense, constructive fraud comprises all acts, omissions and concealments involving a breach of legal or equitable duty, trust, or confidence, and resulting in damages to another. [Citations.] Constructive fraud exists in cases in which conduct, although not actually fraudulent, ought to be so treated—that is, in which such conduct is a constructive or quasi fraud, having all the actual consequences and all the legal effects of actual fraud.' [Citation.]"' (*Estate of Gump* (1991) 1 Cal.App.4th 582, 601; see Civ. Code, § 1573; *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 981–982, fn. 13.) '[W]hether a fiduciary duty has been breached, and whether [conduct] constitutes constructive . . . fraud, depends on the facts and circumstances of each case.' (*Assilzadeh v. California Federal Bank* (2000) 82 Cal.App.4th 399, 415.)" (*Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105, 1131.)

Lin alleged that she purchased property in partnership with River Forest and Elevation. Kucherov accepted and used Lin's funds to purchase the property. He informed the trustee at the auction that Lin had an interest in the property, but he did not provide accurate information about the ownership interests in the property and he altered the trustee's deed to remove Lin as a grantee. River Forest had a fiduciary duty to Lin as a partner, which Kucherov breached when he eliminated any record of her interest in the property, sold the property without her knowledge, and misrepresented the status of the property for years so that she could not discover the fraud committed against her.

## DISPOSITION

The judgment and the order sustaining the demurrer without leave to amend are reversed. The trial court is directed to enter a new and different order overruling the demurrer. Appellant Helen Lin is awarded her costs on appeal.

KRIEGLER, Acting P.J.

We concur:

BAKER, J.

RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.