Filed 12/5/22  James P. v. David P. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| JAMES P., | D079643 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 20FDV05674E) |
| DAVID P., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Wendy M. Behan, Judge.  Affirmed.

David P., in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

David P. appeals an order granting a restraining order against him in favor of his parents, James and Clara P.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2020, James filed a request for a domestic violence restraining order against his son David.  In his declaration supporting his request for the restraining order, James claimed that David was "delusional and suffers from . . . paranoid mental illnesses."  He noted that David had

become "fixated on the false idea that [James is] a sex offender." James asserted that David's behavior had "escalated to harassment and stalking," and David even vandalized James's home. Specifically, James alleged that David sent threatening texts to his mother, scrawled the words "Sex Trafficker" on the front door of James's house, and etched the words "unregistered sex offender" on the welcome mat in front of the door. Pictures of the vandalism were attached to James's declaration.

In addition, James included printouts of texts that David had sent his mother in which he stated, among other things: (1) "You are bad people . . . you will be judged"; (2) "Im [*sic*] taking back this family from u [*sic*] evil idiots"; and (3) "Ur [*sic*] husband would be burned alive if we were in Salem [¶] And I wouldn't stop it [¶] I'd provide a match."

James's declaration also detailed a history of abuse David inflicted upon him. For example, 10 years earlier, sheriff deputies had to remove David from James's home. David was physically abusive toward James and destroyed James's property.

Based on David's history of abuse toward James as well as his more recent actions, James stated he was "afraid for [his] safety" and "need[ed] a restraining order to protect [him] from any further escalation in violence."

The hearing on the request for a restraining order was continued multiple times, and James, Clara, and David tried to address their problems through counseling and mediation. Ultimately, those efforts proved unsuccessful, and the court held a hearing regarding the request for a restraining order on August 12, 2021. At that hearing, David claimed that there was no evidence that he actually damaged James's home. He also argued that "threatening to call the authorities" did not amount to the type of harassment that would trigger the need for a restraining order. David

2

further asserted that he had not been violent in the past toward his parents, and he had done his best to distance himself from his family because of their alleged crimes. He continued to insist his parents were involved in illegal activities and maintained that he was not a threat but simply "a passionate person."

The court found that James had met his burden of proof by a preponderance of the evidence and granted the requested protective order for a period of five years. The court included Clara as an additional protected party.

David timely appealed.

DISCUSSION

A judgment or order is presumed correct, and reversible error must be affirmatively shown. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) On appeal, a party challenging an order has the burden to show error by making coherent legal arguments, supported by authority, or the claims will be deemed forfeited. (*Kaufman v. Goldman* (2011) 195 Cal.App.4th 734, 743 ["Every argument presented by an appellant must be supported by both coherent argument and pertinent legal authority"]; *Wright v. City of L.A.* (2001) 93 Cal.App.4th 683, 689 [asserted grounds for appeal that "merely complain of error without presenting a coherent legal argument are deemed abandoned and unworthy of discussion"].) Self-represented parties are held to the same standards and procedural rules as parties represented by counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

An appellant's brief should "point out portions of the record that support the position taken on appeal. The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside*

3

(2002) 95 Cal.App.4th 761, 768; see *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286-287 ["[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record"]; Cal. Rules of Court, rule 8.204(a)(1)(C).) "Appellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 (*Nelson*); see *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 (*Malibu Hillbillies*) [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].) "We are not bound to develop appellants' argument for them. [Citation.] The absence of cogent legal argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 (*Falcone*); see *Malibu Hillbillies*, at p. 146.)

We have read and reread David's brief and find that brief lacking in several critical respects. David does not effectively cite to any legal authority. He cites to one out of state case in a heading in his brief but fails to discuss that case. Further, he provides limited record citations but does not tie those few citations to any case law to formulate a coherent legal argument. Rather, David simply repeats the arguments and matters that he unsuccessfully brought before the superior court. And he does so without any reference to evidence in the record.

As best we can tell from his brief, David's primary argument is that the evidence does not support the issuance of the restraining order. But he fails to discuss the standard of review for his argument, which is the substantial

4

evidence standard. (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.) Because David does not acknowledge the relevant standard of review, he necessarily does not tailor his arguments according to the sufficiency of the evidence review standard, as he must. (*Sebago, Inc. v. City of Alameda* (1989) 211 Cal.App.3d 1372, 1388.)

David's deficient briefing, combined with the lack of reasoned analysis pertinent to the questions at hand on appeal from an order granting a restraining order, compel us to conclude he has forfeited any cognizable appellate contentions. (See *Malibu Hillbillies*, *supra*, 36 Cal.App.5th at p. 146; *Nelson*, *supra*, 172 Cal.App.4th at p. 862; *Falcone*, *supra*, 164 Cal.App.4th at p. 830.) As a result of these shortcomings, and absent any persuasive legal authority on the question, David likewise has not demonstrated error or prejudice.

## DISPOSITION

The order is affirmed. David is to bear his own costs on appeal.


HUFFMAN, Acting P. J.

WE CONCUR:



AARON, J.



IRION, J.

5