Filed 4/2/24  Marriage of Yanes CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re Marriage of KATELYN and ALVARO YANES. | 2d Civil No. B326799 (Super. Ct. No. D401624) (Ventura County) |
| KATELYN YANES, Respondent, v. ALVARO YANES, Appellant. | |

Alvaro Yanes appeals from the judgment dividing property in the dissolution of his marriage to Katelyn Yanes.[1]  Katelyn requests we dismiss the appeal on the ground that Alvaro

---

[1] We refer to the parties' first names to avoid confusion.  No disrespect is intended.

prematurely filed his notice of appeal. We deny the request for dismissal and affirm.

FACTS AND PROCEDURAL HISTORY[2]

Alvaro and Katelyn were married for almost nine years and separated in May 2021. They have three minor children. The parties stipulated to a custody agreement and the trial court terminated the parties' marital status in December 2022.

*Trial proceedings*

The parties tried the division of property issues. At the beginning of trial, Alvaro moved in limine to exclude forensic accountant, Wayne Lorch, from testifying. Alvaro argued that the contract between the parties and LorchGreene LLP precluded Lorch from doing so. The court denied the motion.

Lorch prepared two schedules (one for each party) reflecting the parties' separate and community properties. He reviewed bank statements, canceled checks, paystubs, and other financial documents, and relied on the Family Code to create the schedules. He divided the assets that existed as of the date of separation.

Lorch testified he was unable to allocate the parties' E-trade account, stock units, restricted stock units (RSU), or stock options as either community or separate property because information was missing. He created two scenarios—one where he assumed all stock units were community property, and one where he assumed they were separate property. He assumed all the transfers in the E-trade account were community property. Lorch testified he had difficulty getting information from Alvaro, who managed the assets and transfers and had the stock options.

---

[2] Most of the facts are taken from the certified settled statement.

2

Lorch said that Alvaro's failure to provide such information "exacerbated [his] fees."

At the conclusion of Lorch's cross-examination, Alvaro informed Lorch he had the additional documents regarding the RSUs and E-trade account. The court directed Alvaro to provide such documentation to Lorch, Katelyn, and the court.

Lorch wrote "[To Be Determined]" for the value of personal property such as furniture, furnishings, and appliances. Alvaro indicated Katelyn had about $37,400 of personal property in her possession. Lorch testified that neither party provided any documentation other than their own lists of personal property.

Alvaro testified he earned about $180,000 in gross income in 2020 and about $420,000 in 2021. He quit his job in November 2021 and did not work again until April 2022. He received RSUs from his former employer after the date of separation. He liquidated the RSUs and put the funds into the children's 529 accounts. He also exercised stock options from another former employer, and put these funds into the E-trade account. He disbursed $50,000 each to himself and Katelyn from the E-trade account. Alvaro testified he purchased a Cadillac for Katelyn during their marriage.

Katelyn testified she inherited $100,000 from her father. She placed the funds into a joint account and used about half of the funds for a down payment on the family residence. Alvaro invested the remainder of the inheritance. With respect to personal property, Katelyn testified Alvaro took office equipment, exercise equipment, computer monitors, a speaker system, and musical instruments. Katelyn testified they had an E-trade account, but she never had access to it. They agreed each would

receive $50,000 from the account, and she acknowledged receiving a check from Alvaro.

*Ruling on the submitted matter*

On January 30, 2023, the trial court issued a ruling on the submitted matter. The court found Katelyn's inheritance was separate property, and there was no transmutation to community property when she placed the funds into a joint account.

With respect to personal property, the court noted that each party claimed the other had a substantial worth of personal property. The court found "both parties lack[ed] credible evidence to substantiate their respective positions. Each are awarded the personal property in his/her possession without off-set."

The court relied on Lorch's valuation of the parties' deferred compensation/retirement plans and allocated the interests between the parties. The court also relied on Lorch's analysis of the E-trade account, which held Alvaro's stocks from employment. The court found Alvaro "did not provide any accounting of the use of the funds in the [E-trade] account until the second day of trial when he provided the court with proof of his post-separation receipt of [RSUs]." Thus, the court accepted Lorch's analysis of the E-trade account with modifications as to the RSUs.

As to the children's 529 accounts, the court awarded Alvaro $21,569.

The court relied on Lorch's report to divide the assets and debts between the parties. The court also accepted Lorch's accounting for the purpose of calculating reimbursements for post-separation use of the community funds with modification as to Alvaro's RSUs. The court considered the RSUs as separate

4

income for the purpose of determining the *Ostler*/*Smith* award[3] for spousal support. Based on Alvaro's 2021 earnings, the court ordered Alvaro to pay an *Ostler*/*Smith* award of $40,894.

The court found Alvaro's conduct increased Katelyn's fees and costs. It ordered Alvaro to pay Katelyn $5,000 for forensic accounting costs and pay Katelyn's counsel $20,000 in attorney fees pursuant to Family Code section 271. The court subtracted the amount Alvaro was owed in equalization from the amount he owed Katelyn in fees and costs, and ordered him to pay $2,072 to Katelyn. Alvaro did not request a statement of decision. (Code Civ. Proc., § 632.)

DISCUSSION

*Premature notice of appeal*

Katelyn requests we dismiss the appeal because Alvaro did not file a notice of appeal after the judgment. We deny the request for dismissal.

Here, the trial court ruled on the matters concerning the division of property on January 30, 2023, and directed Katelyn's counsel to prepare the judgment. Alvaro filed his notice of appeal on February 27, 2023, before Katelyn's counsel prepared the judgment. Notice of entry of judgment was served on June 9, 2023, and Alvaro did not file another notice of appeal.

---

[3] An *Ostler*/*Smith* award is " 'an additional award, over and above guideline support, expressed as a fraction or percentage of any discretionary bonus actually received.' " (*In re Marriage of Minkin* (2017) 11 Cal.App.5th 939, 949; *In re Marriage of Ostler & Smith* (1990) 223 Cal.App.3d 33.) "Its purpose is to capture fluctuations in the supporting spouse's income that are not included in a flat rate amount of support." (*In re Marriage of Minkin*, at p. 949.)

"The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." (Cal. Rules of Court, rule 8.104(d)(2).) We exercise our discretion to do so. (*Ibid.*; *In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 420.)

*Noncompliant brief*

As Katelyn correctly points out, Alvaro's opening brief does not comply with the California Rules of Court. An appellant must provide a summary of the significant facts and " 'accurately and fairly state the critical facts (including the evidence), free of bias . . . .' " (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531; Cal. Rules of Court,[4] rule 8.204(a)(2)(C).) Any reference to a matter in the record must be supported by a citation to the record. (Rule 8.204(a)(1)(C).)

Here, Alvaro's statement of the case does not include a single citation to the settled statement. His statement of facts consists of tables of exhibit lists. Moreover, his reference to some facts, such as allocation tables included in the judgment, is not fair and unbiased. He annotates these tables with comments such as "gross overvaluation" or "gross undervaluations" or "[i]ncludes errors committed by Lorchgreene accounting."

Alvaro also bears the burden of affirmatively demonstrating error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court

---

[4] Unspecified rule references are to the California Rules of Court.

with some cogent argument supported by legal analysis." (*Id.* at pp. 286-287.) "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt." (*Id.* at p. 287.)

Here, Alvaro's brief fails to include cogent legal arguments, legal analysis, and pertinent legal authority. Thus, we may disregard his arguments. (See *People v. Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 ["To the extent [a party] perfunctorily asserts other claims without development . . . , they are not properly made, and are rejected on that basis"].)

We are mindful Alvaro appears in pro per, but that does not entitle him to special treatment. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) " 'A litigant has a right to act as his own attorney [citation] "but, in so doing, should be restricted to the same rules of evidence and procedure as is required of those qualified to practice law before our courts; otherwise, ignorance is unjustly rewarded." ' " (*Doran v. Dreyer* (1956) 143 Cal.App.2d 289, 290.)

Despite these deficiencies in Alvaro's brief, we nonetheless review his claims on the merits.

*Division of personal property*

Alvaro contends the trial court erred in ruling on the division of personal property. He contends there was no substantial evidence he regained possession of personal items after vacating the former residence. He also contends Lorch's report failed to credit him for personal property in Katelyn's control. We disagree.

We review factual findings of the family court for substantial evidence, construing evidence in the light most

7

favorable to the prevailing party.  We also resolve conflicts in favor of the prevailing party.  (*In re Marriage of Hill & Dittmer* (2011) 202 Cal.App.4th 1046, 1051.)  "[I]t is well established that the trial court weighs the evidence and determines issues of credibility and these determinations and assessments are binding and conclusive on the appellate court."  (*Id.* at pp. 1051-1052.)

Here, each party claimed the other had personal property worth a substantial amount, and the trial court found both parties lacked credible evidence.  It awarded each the personal property in his or her possession without offset.  We will not disturb the trial court's weighing of evidence and credibility findings.  Alvaro does not show the court erred.

*Alleged errors at trial*

Alvaro argues the trial court "failed to recognize [Katelyn's] actions as fraudulent, hemorrhaging [his] legal costs and well outside the scope of [F]amily [C]ode § 271."  Alvaro does not support these conclusory arguments and does not demonstrate error at trial.  Thus, to the extent he argues he is entitled to any legal costs and fees, we reject this argument.

Alvaro further argues the trial court erroneously refused or ignored his proffered evidence, including a photograph, a letter, text messages, and evidence of settlement attempts.  We review the trial court's admission or exclusion of evidence for abuse of discretion.  (*Meeks v. AutoZone, Inc.* (2018) 24 Cal.App.5th 855, 861.)  Alvaro does not show the court abused its discretion.  He merely states the court "refused evidence" from him and does not provide further argument or reasoning.  Nor does he show how such exclusion of evidence resulted in prejudice.  (Cal. Const., art. VI, § 13.)

8

Alvaro also claims Katelyn sought a restraining order "solely for the purpose of receiving more child support." He alleges that such conduct increased legal fees and requests $44,000 in excess child support payments. Again, Alvaro does not support his conclusory statements with legal authority, argument, or reasoning. We reject his claim.

*Lorch accounting report and testimony*

Alvaro contends Lorch's testimony and documentary evidence are "illegitimate" because the parties had an agreement prohibiting him from testifying or using his work product in litigation. He also argues Lorch's accounting was inaccurate. We disagree.

Alvaro moved to exclude Lorch's testimony based on the language of the joint agreement with LorchGreene. The parties originally agreed that Lorch would serve as a mediator and that his work product would be "made in pursuit of settlement and will not be used for any purpose in litigation." The agreement also states that LorchGreene "will be disqualified as a witness and [its] work product will be inadmissible as evidence."

However, Katelyn's counsel explained that the parties agreed at prior hearings to use Lorch's balance sheets at trial, notwithstanding the contract. Both parties provided Lorch information for trial purposes. The trial court also examined Lorch about his role as mediator. He testified he never acted as a mediator and confirmed that both parties provided information to him up to the date of trial. Lorch prepared two different community property analyses, but "did not provide an opinion, conduct mediation, or settlement conferences."

9

The trial court denied the motion in limine, finding that Lorch "did not act as a mediator, did not engage in settlement conferences, and was not precluded from testifying."

Based on this record, we conclude there was no error in admitting Lorch's testimony and reports as evidence. The parties waived any contract provision prohibiting use of Lorch's work product when they agreed to use Lorch's reports at trial and provided him information up to the trial date. (See *Biren v. Equality Emergency Medical Group, Inc.* (2002) 102 Cal.App.4th 125, 141 [the parties may, by their conduct, waive contract provision where the evidence shows waiver was their intent]; see also *Wagner v. Glendale Adventist Medical Center* (1989) 216 Cal.App.3d 1379, 1388 [where a party behaves in a manner antithetical to a written provision and induced the other party to rely on the oral representations and conduct, it would be inequitable to deny the relying party "the benefit of the other party's apparent modification of the written contract"].) Moreover, the contract was for Lorch's mediation services, and, as the trial court observed, there was no mediation. There was no error in finding that the contract did not preclude Lorch from testifying or using his work product at trial.

We also reject Alvaro's claim of accounting error, including error in calculating the *Ostler/Smith* award. "Under [Family Code] section 2550, the court must divide the community estate of the parties equally. In this regard, the court has broad discretion to determine the manner in which community property is divided and the responsibility to fix the value of assets and liabilities in order to accomplish an equal division. [Citations.] The trial court's determination of the value of a particular asset is a factual one and as long as that determination is within the

10

range of the evidence presented, we will uphold it on appeal." (*In re Marriage of Duncan* (2001) 90 Cal.App.4th 617, 631-632.)

Here, the trial court relied upon Lorch's report to determine the value of assets and liabilities and to divide the assets. It was entitled to do so. Nothing in the record supports Alvaro's claims of error or fraud in the accounting.

DISPOSITION

The judgment entered June 8, 2023, is affirmed. Katelyn shall recover costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


CODY, J.

11

JoAnn Johnson, Judge

Superior Court County of Ventura

_____

Alvaro Yanes, in pro. per., for Appellant.

Ferguson Case Orr Paterson and Wendy C. Lascher for Respondent.